(No. 64828.▬▬▬▬▬▬▬▬▬▬)

VICTORIA RANSOM, Appellee, v. R. ANTHONY MAR-
RESE, M.D., Appellant.

*Opinion filed May 18, 1988.*

Richard M. Roessler and Timothy S. Richards, of
Gundlach, Lee, Eggmann, Boyle & Roessler, of Belle-
ville, for appellant.

Roger C. Denton, of Kassly, Bone, Becker, Dix, Til-

lery & Reagan, P.C., of Belleville, for appellee.

JUSTICE WARD delivered the opinion of the court:

The plaintiff, Victoria Ransom, filed a complaint in the circuit court of Madison County on May 22, 1985, for injuries allegedly caused by the negligence of the defendant, R. Anthony Marrese, M.D., in treatment while she was hospitalized in Indiana. Pursuant to sections 2—619(a)(1) and 2—619(a)(3) of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, pars. 2—619(a)(1), (a)(3)), the circuit court dismissed the complaint with prejudice. The appellate court reversed (150 Ill. App. 3d 67), and we allowed the defendant's petition to appeal (107 Ill. 2d R. 315).

The parties are in agreement as to the facts underlying this appeal. On May 23, 1983, the defendant, a physician licensed to practice in Indiana, provided medical services to the plaintiff while she was hospitalized in Evansville, Indiana. Approximately one year later, on May 29, 1984, the plaintiff, pursuant to section 16—9.5—9—2 of the Indiana Medical Malpractice Act (Ind. Code Ann. §16—9.5—1 *et seq.* (Burns 1983)), gave notice of her intent to pursue a malpractice claim against the defendant by filing a proposed complaint with the Indiana Insurance Commissioner for submission to a medical review panel. The section requires a claimant to submit a malpractice claim to a medical review panel and obtain an opinion from the panel before instituting a court action. (Ind. Code Ann. §16—9.5—9—2 (Burns 1983).) The proposed complaint charged the defendant with medical negligence in diagnosing and treating the plaintiff's condition and with wilful misrepresentation of her condition and of the need for surgery. Specifically, the plaintiff charged that the defendant recommended and performed unnecessary surgery on her spine.

The proposed complaint also sought recovery from Deaconess Hospital, where the alleged malpractice took place, and from another physician who assisted in the surgery. The plaintiff's intention was to subsequently file an action in the United States District Court for the Southern District of Indiana, invoking that court's jurisdiction on diversity of citizenship. The proposed complaint pends in Indiana and no opinion has been issued by the medical review panel.

At the time of the claimed negligence and when the proposed complaint was filed, the defendant was a resident of Indiana, and the plaintiff was a resident of Kentucky. After the plaintiff filed the proposed complaint, however, the defendant moved to Illinois. On May 22, 1985, the plaintiff filed a five-count complaint against the defendant in the circuit court of Madison County. This complaint alleged the same facts as those in the proposed complaint pending in Indiana and sought to recover for damages the plaintiff allegedly sustained through the defendant's negligence and misrepresentation.

The defendant moved for involuntary dismissal of the plaintiff's complaint under sections 2—619(a)(1) and 2—619(a)(3) of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, pars. 2—619(a)(1), (a)(3)). The circuit court granted the defendant's motion for dismissal under section 2—619(a)(1), concluding that it lacked subject matter jurisdiction over the plaintiff's action because the plaintiff failed to comply with section 16—9.5—9—2 of the Indiana Medical Malpractice Act, which requires the issuance of a written opinion of a medical review panel as a condition precedent to the institution of a court action. The court also concluded that there was another action pending between the same parties for the same cause in Indiana, which warranted dismissal of the complaint before it under section 2—619(a)(3) of the Code of

Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—619(a)(3)).

The appellate court reversed the trial court's judgment, holding that dismissal for lack of subject matter jurisdiction under section 2—619(a)(1) was improper because the medical review panel procedure did not apply to an action commenced in a court outside of Indiana. The court also concluded that the medical review panel provisions were procedural, rather than substantive, in nature, and that a court in this State was not required to apply the procedural rules of another jurisdiction. The appellate court also held that the submission of a proposed complaint to a medical review panel in compliance with the Indiana Medical Malpractice Act did not constitute another "action" so as to warrant a dismissal under section 2—619(a)(3) of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—619(a)(3)).

Thus, this appeal presents the questions: (1) whether a circuit court in our State has subject matter jurisdiction over a medical malpractice claim arising in Indiana when the plaintiff has not complied with statutory prerequisites set out in the Indiana Medical Malpractice Act (Ind. Code Ann. §16—9.5—1—1 *et seq.* (Burns 1983)); and (2) whether the filing of a proposed complaint with the Indiana Insurance Commissioner for submission to a medical review panel constitutes "another action" within the meaning of section 2—619(a)(3) of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—619(a)(3)).

The Indiana legislature enacted the Indiana Medical Malpractice Act in response to a perceived crisis in the availability and cost of medical malpractice insurance coverage which, in turn, it was felt was threatening the availability of health-care services to the citizens of that State. (*Winona Memorial Foundation v. Lomax* (Ind. 1984), 465 N.E.2d 731, 739.) The Act establishes a pro-

cedure which must be followed in pursuing a malpractice claim against a health-care provider who qualifies as such under the Act. The Act specifies that a malpractice claimant must submit a proposed complaint to a medical review panel and obtain the opinion of that panel before commencing a legal action against a qualified health-care provider. The purpose of this panel procedure is to provide for the obtaining of an expert opinion prior to the commencement of litigation on the probable liability of the health-care provider. (*Hines v. Elkhart General Hospital* (7th Cir. 1979), 603 F.2d 646.) The filing of a proposed complaint tolls the applicable statute of limitation until 90 days after the claimant had been given the medical review panel's opinion. The medical review panel consists of an attorney, who acts in an advisory capacity only, and three health-care providers, who actually consider and pass upon the claimant's complaint against the defendant health-care provider. (Ind. Code Ann. §§16—9.5—9—3, 16—9.5—9—7 (Burns 1983).) The parties may submit evidence in written form to the review panel (Ind. Code Ann. §16—9.5—9—4 (Burns 1983)), and after submitting the evidence, either party may convene the panel and present questions relevant to the issues before the panel. In addition to examining the submitted evidence, panel members may request additional information and consult with medical authorities. (Ind. Code Ann. §16—9.5—9—6 (Burns 1983).) The panel is to "express its expert opinion [in writing to each of the parties] as to whether or not the evidence supports the conclusion that the defendant or defendants acted or failed to act within the appropriate standards of care as charged in the complaint." (Ind. Code Ann. §16—9.5—9—7 (Burns 1983).) The panel makes no findings as to damages, and its opinion is not binding on the litigants. After the panel issues its written conclusion, the plaintiff may proceed to litigate the claim in court. The report of

the panel is admissible as evidence in subsequent litigation but is not conclusive and either party may call any member of the panel as a witness at trial. (Ind. Code Ann. §16—9.5—9—9 (Burns 1983).) The Act also imposes a $500,000 limit on the amount of damages a claimant may recover by way of settlement or litigation from a qualified health-care provider. The supreme court of Indiana has upheld the validity of the medical review panel procedure against a variety of objections. It has held that compliance with the review panel procedure is jurisdictional and a condition precedent to the maintenance of a civil action. The court has also decided that a court must dismiss a malpractice complaint against a health-care provider if the plaintiff has not complied with the statute. (*Johnson v. St. Vincent Hospital, Inc.* (Ind. 1980), 404 N.E.2d 585.) Relying on *Johnson*, the defendant argues that the complaint must be dismissed for lack of subject matter jurisdiction because the medical review panel has not issued an opinion on the plaintiff's proposed complaint.

The parties agree that under our "most significant relationship" test (*Ingersoll v. Klein* (1970), 46 Ill. 2d 42; *Schulze v. Illinois Highway Transportation Co.* (1981), 97 Ill. App. 3d 508), Indiana substantive law governs resolution of the question whether Indiana law requires a claimant to obtain the opinion of a medical review panel before the claimant may file a malpractice action in a court in Illinois.

The appellate court observed, preliminary to addressing the question, that a defendant must come within the purview of this statute in order for the medical review panel procedure to apply. To qualify for the protection of the Act, a health-care provider must file proof of financial responsibility with the Indiana Commissioner of Insurance and must pay an annual surcharge levied by the Commissioner. (Ind. Code Ann. §16—9.5—4—1 (Burns

1983).) The appellate court questioned whether the malpractice statute governs the rights and liabilities of the litigants here, because neither the plaintiff nor the defendant had alleged in the complaint or a supporting affidavit that the defendant had satisfied the conditions necessary to qualify as a health-care provider under the statute. The appellate court, however, allowed the defendant to supplement the record with an affidavit submitted by the Indiana Department of Insurance which indicated that the defendant had satisfied the conditions of coverage under the Indiana Medical Malpractice Act and that he qualified as a "health care provider" under the statute. Thus, the medical review panel provisions of section 16—9.5—9—2 of the Indiana Medical Malpractice Act are relevant in this controversy. That section provides:

> "No action against a health care provider may be commenced in *any court of this state* before the claimant's proposed complaint has been presented to a medical review panel established pursuant to this chapter and an opinion is rendered by the panel." (Emphasis added.) (Ind. Code Ann. §16—9.5—9—2 (Burns 1983).)

The defendant contends that this statute prohibits the plaintiff from commencing an action in any court whatever prior to the medical review panel's issuing its expert opinion on the validity of a plaintiff's claim. He argues that a court in our State may not assert jurisdiction over the plaintiff's claim until the panel issues its opinion and that the present action must be dismissed under section 2—619(a)(1) of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—619(a)(1)) for lack of subject matter jurisdiction. The plaintiff responds that the language of section 16—9.5—9—2 of the Indiana statute, specifically, the words "any court of this State," limits the medical review panel procedure to actions to be commenced in Indiana courts. In the alternative, the plaintiff

argues that the medical review panel process is a procedural, rather than substantive, provision and that our courts are not bound to apply the procedural rules of another jurisdiction.

This court must apply Indiana judicial rules of statutory construction in considering whether the Indiana statute, section 16—9.5—9—2, requires claimants to follow the medical review panel procedure before commencing a malpractice action in a court of Illinois. In Indiana, courts have consistently held that judicial construction of a statute is permissible only when the statute is ambiguous and of doubtful meaning. (*Winona Memorial Foundation v. Lomax* (Ind. 1984), 465 N.E.2d 731; *Bowen v. Review Board of Indiana Employment Security Division* (1977), 173 Ind. App. 166, 362 N.E.2d 1178.) If the language of the statute is clear and unambiguous, judicial interpretation is inappropriate and the courts will adopt the meaning the statute clearly expresses. (*Town of Merrillville v. Lincoln Utilities, Inc.* (1976), 171 Ind. App. 224, 355 N.E.2d 851.) Moreover, when a court is called upon to construe words in a single section of a statute, it must construe them with due regard for all other sections of the statute and with regard for the legislative intent to carry out the spirit and purpose of the statute. *Detterline v. Bonaventura* (Ind. 1984), 465 N.E.2d 215, 218.

Applying these standards to the Indiana Medical Malpractice Act, we observe that the language of section 16—9.5—9—2 is plain and unambiguous. The language expressly limits the requirement of a medical review panel's opinion to actions commenced in "any court of this State." A circuit court in our State certainly is not a court in the State of Indiana. The defendant really is asking this court to construe the statute in a manner which would ignore the words "of this State" and make the language meaningless. We cannot do that. It would

appear that when the Indiana legislature intended that a particular statutory provision would apply in courts outside the State of Indiana, it showed this intent by language different from that in section 16—9.5—9—2 to produce a result different from that intended in section 16—9.5—9—2. (See, *e.g.*, Ind. Code Ann. §16—9.5—1—6 (Burns 1983) (which provides "subject to chapter 9 [of this article] a patient or his representative having a claim under this article for bodily injury or death on account of malpractice may file a complaint *in any court of law having requisite jurisdiction* and demand right of trial by jury" (emphasis added)).) We would note too that language was added to the provision for the medical panel, *i.e.*, section 16—9.5—9—2, to permit the parties to waive the requirement of panel action. Section 16—9.5—9—2(b), provides: "A claimant *may commence an action in court* for malpractice without the presentation of the claim to a medical review panel if the claimant and all parties named as defendants in the action agree that the claim is not to be presented to a medical review panel." (Emphasis added.) Ind. Code Ann. §16—9.5—9—2(b) (Burns 1987 Supp.).

The defendant draws attention to several Federal decisions which have interpreted the language "any court of this State" to include a Federal district court sitting in that State, but we conclude that these decisions are without force on the question here. Under *Erie Railroad Co. v. Tompkins* (1938), 304 U.S. 64, 82 L. Ed. 1188, 58 S. Ct. 817, a Federal court, acting under its diversity jurisdiction is, for common law purposes, a court in the State in which it sits, and applies the law of that State as determined by the State's own courts. In *Guaranty Trust Co. v. York* (1945), 326 U.S. 99, 89 L. Ed. 2079, 65 S. Ct. 1464, Mr. Justice Frankfurter commented that under such circumstances, a United States district court is "in effect, only another court of the State." (326 U.S.

at 108-09, 89 L. Ed. at 2086, 65 S. Ct. at 1469-70; see also *Hines v. Elkhart General Hospital* (7th Cir. 1979), 603 F.2d 646.) A court in the State of Illinois, however, is not transformed into a court of the State of Indiana simply because it applies Indiana substantive law to the controversy before it. We judge that by restricting the medical review panel provisions to actions commenced "in any court of this State," the Indiana legislature intended that the panel procedure would apply in State and probably Federal courts in Indiana but would have no application to a suit prosecuted in a forum outside the State of Indiana.

The defendant contends, too, that the appellate court's decision violates the full faith and credit clause of the United States Constitution. He claims that the plaintiff's failure to comply with the medical review panel provisions of the Indiana statute affords him with a substantive defense to the plaintiff's action. Citing *Bradford Electric Light Co. v. Clapper* (1931), 286 U.S. 145, 76 L. Ed. 1026, 52 S. Ct. 571, he urges that the courts in Illinois must recognize this defense under the full faith and credit clause. This argument, however, misses the mark. *Bradford* is factually distinguishable from this case. In *Bradford,* two Vermont residents entered an employer-employee contract in Vermont. The employee was later injured in New Hampshire and filed a tort action against the employer in New Hampshire. The Vermont compensation statute specified that the employee's remedies under it were exclusive and it prohibited an employee from suing the employer in tort in another jurisdiction. The New Hampshire compensation act, on the other hand, permitted an employee to elect between filing an action in tort and seeking an award under the compensation act. The employer invoked the full faith and credit clause as a defense to the employee's tort action, and argued that the action was barred by the Vermont compensation

act. The New Hampshire court, however, applied its own law to the controversy and allowed the employee to recover in tort. The Supreme Court reversed, holding that the Vermont compensation act governed, and that failing to apply Vermont law deprived the defendant of its rights under the full faith and credit clause.

Here, unlike *Bradford*, this State's court did not apply its own law to the controversy. Instead it gave full faith and credit to the Indiana Medical Malpractice Act, but determined that the statute did not afford the defendant with a defense to the plaintiff's action because the statute expressly limited the medical review panel procedure to actions to be commenced in an Indiana court. The appellate court concluded that the trial court's dismissal of the plaintiff's complaint for lack of subject matter jurisdiction was therefore erroneous, because the medical review panel procedure did not apply to malpractice actions commenced in a court in Illinois. We judge that the appellate court correctly held that the medical review panel procedure did not apply to this action commenced in Illinois and that its decision did not deprive the defendant of his rights under the full faith and credit clause.

The defendant also challenges the appellate court's conclusion that dismissal under section 2—619(a)(3) of the Code of Civil Procedure was improper. That section allows a circuit court to dismiss a claim if another action is pending between the same parties for the same cause. (Ill. Rev. Stat. 1985, ch. 110, par. 2—619(a)(3).) The appellate court determined that the word "action" referred to a formal proceeding in a court and concluded that submission of a proposed complaint to a medical review panel did not qualify as a court proceeding. The court also rejected the defendant's argument that the term "action" should be construed to embrace more than a "judicial action." In doing so, the appellate court ob-

served that *Cummings v. Iron Hustler Corp.* (1983), 118 Ill. App. 3d 327, only superficially appeared to support the defendant's argument that a nonjudicial proceeding qualified as an "action" within the meaning of section 2—619(a)(3). The appellate court held that the *Cummings* court simply assumed, without expressly deciding, that a proceeding before the Illinois Human Rights Commission was an "action" under section 2—619(a)(3), and that the decision was not authority for the proposition that a nonjudicial proceeding qualifies as an "action." The appellate court went further, however, stating that, in any event, the *Cummings* decision was distinguishable. The court observed that the administrative agency in *Cummings* was authorized to render final, binding decisions which were enforceable through a court order, and that proceedings before it were similar to a judicial proceeding. The appellate court concluded that *Cummings* therefore only authorized dismissal of a complaint under section 2—619(a)(3) when another proceeding was pending before a body which would adjudicate the merits of a claim and render a final, binding and enforceable decision.

Submission of a proposed complaint to a medical review panel does not qualify as a judicial proceeding. The members of the review panel are not judicial officers, and the panel does not conduct a hearing or trial or render a decision or judgment on the merits. (*Johnson v. St. Vincent Hospital, Inc.* (Ind. 1980), 404 N.E.2d 585, 595.) The panel's function is limited to conducting a "rational inquiry into the source and extent of the patient's injury for the purpose of forming its expert opinion" as to whether or not the defendant acted or failed to act within the appropriate standards of care as charged in the complaint. *Whitaker v. St. Joseph's Hospital* (Ind. App. 1981), 415 N.E.2d 737, 746; Ind. Code Ann. §16—9.5—9—7 (Burns 1983).

To hold that the proceeding before an Indiana medical review panel qualifies as an "action" would be inconsistent with the purpose of section 2—619(a)(3), which is to relieve both courts and litigants of the unnecessary burden of duplicative litigation. (*A. E. Staley Manufacturing Co. v. Swift & Co.* (1980), 84 Ill. 2d 245; *Kirchheimer Brothers Co. v. Jewelry Mine, Ltd.* (1981), 100 Ill. App. 3d 360.) The submission of a proposed complaint to a medical review panel and the issuance of an opinion by that panel would in no sense duplicate the tort action which the plaintiff commenced in the circuit court of Madison County. Unlike a court judgment, the decision of a medical review panel is not to be a final determination of the controversy. Either party may reject the panel's opinion and proceed to litigate the matter in court. Even if the parties accept the panel's opinion, the panel cannot enforce the opinion it forms. Although the review panel process may be designed to generally facilitate resolution of disputes between malpractice claimants and health-care providers, we note that the plaintiff's proposed complaint was submitted for panel review over three years ago and that the panel has not yet issued an opinion. Our construction of section 2—619(a)(3) ensures that the controversy will be more speedily and finally determined according to the substantive rights of the parties. See *Catalano v. Aetna Casualty & Surety Co.* (1982), 105 Ill. App. 3d 195.

The plaintiff finally argues that the appellate court's decision conflicts with the decision in *Cummings*. We conclude, however, that the appellate court clearly distinguished the medical review panel procedure from the proceedings before the administrative tribunal considered in *Cummings* and, therefore, it is not necessary for us to restate that analysis. Because *Cummings* is factually distinguishable, we need not decide whether the appellate court correctly determined that a nonjudicial pro-

ceeding before an administrative tribunal with power to issue a final, binding and enforceable decision qualifies as an "action" within the meaning of section 2—619(a)(3). For the reasons given, we affirm the judgment of the appellate court and remand this case to the circuit court for further proceedings not inconsistent with this opinion.

*Judgment affirmed;*
*cause remanded.*