AUGUSTA COX, Plaintiff-Appellant, v. ALAN KAUFMAN, Defendant-Appellee (William V. Garvin *et al.*, Defendants).

First District (6th Division)   No. 1—90—2628

Opinion filed April 19, 1991.

1058

Alan C. Mendelson, of Chicago, for appellant.

Lord, Bissell & Brook, of Chicago (Hugh C. Griffin, Marilee Clausing, and Diane I. Jennings, of counsel), for appellee.

JUSTICE LaPORTA delivered the opinion of the court:

Plaintiff, Augusta Cox, brought an action against defendant, Alan Kaufman, M.D., and codefendants, William V. Garvin, D.O., and Donald G. Pelino, D.O., seeking recovery for personal injuries allegedly sustained as a result of negligent medical treatment by them. The circuit court dismissed plaintiff's claims against defendant Kaufman, finding that she had failed to bring suit within the applicable limitations period under the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 1—101 et seq.). Plaintiff has appealed the dismissal of her claims against defendant Kaufman.

Plaintiff brought this action seeking damages for personal injuries allegedly suffered as a result of negligent medical treatment rendered to her by defendant Kaufman and codefendants Garvin and Pelino from September 1982 until May 1983. Defendants Garvin and Pelino resided in Illinois, had offices in both Indiana and Illinois, and were licensed to practice in both Indiana and Illinois. Garvin and Pelino provided treatment to plaintiff in Illinois and in Indiana.

Defendant Kaufman had an office and was licensed to practice in Indiana. Kaufman, a neurosurgeon, first saw plaintiff on September 9, 1982, for treatment of a back injury she had sustained several years earlier. Over the next several months, Kaufman performed three surgeries at St. Margaret's Hospital in Hammond, Indiana, in an attempt to alleviate plaintiff's complaints of back pain. All of Kaufman's treatment of plaintiff was rendered in Indiana. Plaintiff originally filed suit against codefendants Garvin and Pelino in Illinois within two years of the last date of their treatment of her. That lawsuit was voluntarily nonsuited and refiled on May 24, 1989, as count I of the present action.

On September 13, 1984, plaintiff, pursuant to section 16—9.5—9—2 of the Indiana Medical Malpractice Act (Ind. Code Ann. §16—9.5—1—1 et seq. (Burns 1983)), gave defendant Kaufman and St. Margaret's Hospital notice of her intent to pursue malpractice claims against them by filing a proposed complaint with the Indiana Insur-

ance Commissioner for submission to a medical review panel. The Indiana statute requires a claimant to submit a malpractice claim to a medical review panel and obtain an opinion from the panel before instituting a court action.

Plaintiff's proposed complaint alleged that the surgeries performed by Kaufman were unnecessary and were negligently performed, causing permanent injury to plaintiff's back. In her proposed complaint, plaintiff sought compensation from the Indiana Patient's Compensation Fund.

The Indiana medical review panel proceedings took several years to complete, and on June 1, 1989, the three-member panel issued a unanimous opinion finding that the evidence did not support the conclusion that Kaufman had deviated from the applicable standard of care in treating plaintiff.

The Indiana statute provided that plaintiff could file suit in Indiana within 90 days of the issuance of the medical review panel's opinion. Plaintiff, however, intending to file suit in the United States District Court for the Northern District of Indiana based upon diversity of citizenship, hired a "skip-tracer" to ascertain the defendant's residence. On August 9, 1989, plaintiff learned that defendant resided in Illinois.

On August 16, 1989, within 90 days of the decision of the Indiana medical review panel, plaintiff filed an amended complaint in the circuit court of Cook County, Illinois, adding Kaufman as a defendant to the action already pending against codefendants Garvin and Pelino. Defendant Kaufman was served with summons on August 20, 1989. Plaintiff's complaint did not allege that defendant Kaufman was a "qualified health-care provider" under the Indiana Medical Malpractice Act and did not request damages from the Indiana Patient's Compensation Fund.

On November 2, 1989, defendant Kaufman filed an appearance and a motion to dismiss pursuant to section 2—619, asserting that plaintiff's action was barred by her failure to comply with the applicable statute of limitations, plaintiff had failed to attach a copy of the medical report to the complaint, and the action should be dismissed under the doctrine of *forum non conveniens*.

On June 26, 1990, the trial court granted defendant's motion to dismiss, finding that plaintiff's action was barred by her failure to bring suit within the limitations period set forth in section 13—212 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 13—212). In a separate order, the court found that its decision was fi-

nal and that there was no just cause to delay its enforcement or appeal.

Plaintiff has appealed the dismissal of her claims against defendant Kaufman.

The Indiana legislature enacted the Indiana Medical Malpractice Act (Ind. Code Ann. §16—9.5—1—1 *et seq.* (Burns 1983)) (Act) in response to a perceived crisis in the availability and cost of medical malpractice insurance coverage which affected the availability of health-care services to the citizens of that State. (*Winona Memorial Foundation v. Lomax* (Ind. App. 1984), 465 N.E.2d 731, 739.) The Act establishes a procedure which must be followed in pursuing a malpractice claim against a health-care provider who qualifies under the Act. To qualify for the protection of the Act, a health-care provider must file proof of financial responsibility with the Indiana Commissioner of Insurance and must pay an annual surcharge levied by the Commissioner. Ind. Code Ann. §16—9.5—4—1 (Burns 1983).

The Act specifies that a malpractice claimant must submit a proposed complaint to a medical review panel and obtain the opinion of that panel before commencing a legal action against a qualified health-care provider. (Ind. Code Ann. §16—9.5—9—2 (Burns 1983).) The purpose of this panel procedure is to provide for the obtaining of an expert opinion prior to the commencement of litigation on the probable liability of the health-care provider. *Hines v. Elkhart General Hospital* (7th Cir. 1979), 603 F.2d 646.

The medical review panel consists of an attorney, who acts in an advisory capacity only, and three health-care providers, who actually consider and pass upon the claimant's complaint against the defendant health-care provider. (Ind. Code Ann. §§16—9.5—9—3, 16—9.5—9—7 (Burns 1983).) The panel is required to express its expert opinion as to whether or not the evidence supports the conclusion that the defendant or defendants acted or failed to act within the appropriate standards of care as charged in the complaint. Ind. Code Ann. §16—9.5—9—7 (Burns 1983).

The panel makes no findings as to damages, and its opinion is not binding on the litigants. After the panel issues its written conclusion, the plaintiff may proceed to litigate the claim in court. The report of the panel is admissible as evidence in subsequent litigation, but is not conclusive and either party may call any member of the panel as a witness at trial. (Ind. Code Ann. §16—9.5—9—9 (Burns 1983).) The Indiana statute also imposes a $500,000 limit on the total amount of damages a claimant may recover by way of settlement or litigation from a qualified health-care provider. A health-care provider qualified

under the Indiana statute may not be held liable for an amount in excess of $100,000 for an occurrence of malpractice, and any amount of damages in excess of that $100,000 is to be paid from the patient's compensation fund, subject to the limit of $500,000 on the total recovery. Ind. Code Ann. §16—9.5—2—2 (Burns 1983).

The filing of a proposed complaint tolls the applicable statute of limitations until 90 days after the claimant had been given the medical review panel's opinion. Ind. Code Ann. §16—9.5—9—1(b) (Burns 1983).

The Indiana Supreme Court has held that compliance with the review panel procedure is jurisdictional and a condition precedent to the maintenance of a civil action and that a court must dismiss a malpractice complaint against a health-care provider if the plaintiff has not complied with the statute. *Johnson v. St. Vincent Hospital, Inc.* (1980), 273 Ind. 374, 404 N.E.2d 585.

The issues before this court are whether plaintiff's claims are barred by her failure to bring suit within the applicable limitations period set forth in section 13—202 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 13—202), and whether the filing of a proposed complaint with the Indiana Insurance Commissioner for submission to a medical review panel tolled the Illinois statute of limitations.

■ We initially note that because defendant is not licensed to practice in Illinois, section 13—212 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 13—212), which sets out the limitations period for bringing actions against physicians and health-care providers licensed to practice in Illinois, is inapplicable to the case at bar. Consequently, the time for filing plaintiff's action in Illinois is governed by section 13—202 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 13—202).

Section 13—202 provides in relevant part that "[a]ctions for damages for an injury to the person *** shall be commenced within 2 years next after the cause of action accrued." (Ill. Rev. Stat. 1989, ch. 110, par. 13—202.) A cause of action accrues when the plaintiff knows or has reason to know that he or she has an injury and that the injury was probably caused by the wrongful acts of another. *Nolan v. Johns-Manville Asbestos* (1981), 85 Ill. 2d 161, 421 N.E.2d 864.

■ Defendant Kaufman treated plaintiff from September 1982 to May 1983. Plaintiff knew of the injuries she sustained as a result of that treatment at least as early as September 13, 1984, when she filed her proposed complaint before the Indiana medical review panel. Yet, plaintiff did not bring suit against defendant Kaufman in Illinois until

August 16, 1989. Consequently, plaintiff failed to comply with the Illinois statute of limitations set forth in section 13—202.

Plaintiff argues, however, that the Illinois statute of limitations does not preclude her from pursuing her claims against defendant Kaufman because she filed suit within 90 days of the issuance of the opinion of the Indiana medical review panel in accordance with the requirements of the Indiana Medical Malpractice Act. In support of this argument, plaintiff initially contends that her cause of action accrued when the Indiana medical review panel issued its opinion. We find this argument unpersuasive.

■ Under traditional choice of law principles, the law of the forum State controls procedural questions, and the law of the State in which the cause of action accrued governs substantive issues. (*Marchlik v. Coronet Insurance Co.* (1968), 40 Ill. 2d 327, 329-30, 239 N.E.2d 799, 801.) Statutes of limitation are procedural, affecting only the remedy available and not the substantive rights of the parties, and are governed by the law of the forum State. *Jackson v. Shuttleworth* (1963), 42 Ill. App. 2d 257, 260, 192 N.E.2d 217, 218; *Wetzel v. Hart* (1963), 41 Ill. App. 2d 371, 374, 190 N.E.2d 619, 621.

■ In the instant case, the personal injuries of the plaintiff were sustained in Indiana, and the law of that State governed the substantive issues in the case. The trial court was, however, required to apply the procedural law of Illinois, including the Illinois statute of limitations. The record reflects that plaintiff knew of the existence of her injuries at least as early as September 13, 1984, when she filed her proposed complaint before the Indiana medical review panel. Thus, she was required to bring suit in Illinois at least by September 13, 1986. Plaintiff did not institute proceedings against Kaufman in Illinois until August 16, 1989. Under these facts, the trial court properly found that plaintiff's action against defendant Kaufman was barred because she failed to bring suit within two years of the date on which she knew or should have known of the existence of her injuries.

■ Plaintiff correctly states that where the cause of action is created by statute and a time is fixed within which the cause of action must be asserted, the law of the State where the action occurred must govern. (*Jackson*, 42 Ill. App. 2d at 259, 192 N.E.2d at 218.) Plaintiff goes on to argue that the Indiana Medical Malpractice Act created her claim, and therefore, her cause of action did not accrue until the medical review panel had issued its opinion.

Contrary to plaintiff's assertion, the Indiana Medical Malpractice Act did not create her cause of action. Claims for medical malpractice

premised upon negligence theories have long existed at common law and were not created anew by the Indiana Medical Malpractice Act. (See *Longfellow v. Vernon* (1914), 57 Ind. App. 611, 105 N.E. 178.) Moreover, it has been held that the medical review panel procedures affect only the remedy for the common-law cause of action and are procedural rather than substantive. *Johnson*, 273 Ind. at 387, 404 N.E.2d at 594; *Ransom v. Marrese* (1986), 150 Ill. App. 3d 67, 74, 501 N.E.2d 702, 706-07, *aff'd* (1988), 122 Ill. 2d 518, 524 N.E.2d 555.

Plaintiff has asserted that because her claim was "created" by the Indiana Medical Malpractice Act, she was precluded from bringing suit in Illinois before the Indiana medical review panel had issued its opinion. This assertion was repudiated by the Illinois Supreme Court in *Ransom v. Marrese* (1988), 122 Ill. 2d 518, 524, 524 N.E.2d 555, 558, where the court rejected the argument of a defendant health-care provider that the Indiana statute prohibited the plaintiff from commencing an action in any court whatever prior to the medical review panel's issuance of its expert opinion on the validity of the plaintiff's claim.

Although *Ransom* involved a question of subject matter jurisdiction rather than one of compliance with a statute of limitations, the supreme court specifically held that the Indiana medical review panel procedure did not apply to actions commenced in Illinois and that the statute did not operate as a bar to the filing of a suit in Illinois. (*Ransom*, 122 Ill. 2d at 528, 524 N.E.2d at 560.) Consequently, plaintiff was entitled to file suit in Illinois as soon as she was aware of the injuries sustained as a result of defendant Kaufman's treatment, and this action could have been brought within the limitations period set forth in section 13—202.

As the trial court noted, plaintiff could have elected to file suit in Illinois and bypass the Indiana medical review panel procedures. Plaintiff could also have filed a proposed complaint before the Indiana review panel and simultaneously brought suit in Illinois before the panel issued its opinion. Because plaintiff elected to follow the Indiana procedure and wait until the written opinion was issued by the review panel, she allowed the Illinois limitations period to pass without filing suit.

Although plaintiff has the right to chose the forum in which she will pursue her claim (*Stein v. Volkswagen of America, Inc.* (1985), 135 Ill. App. 3d 127, 132, 481 N.E.2d 1022, 1025), she must be bound by the limitations period of that forum. We do not believe that the Indiana Medical Malpractice Act, which merely defines the procedure for bringing a medical malpractice action in that State, can govern

the jurisdiction of Illinois courts. If plaintiff elects to sue in Indiana, she must follow the medical review panel procedures and must bring suit within 90 days of the date the panel's opinion is issued. If plaintiff elects to sue in Illinois, she is not required to comply with Indiana's review panel process, but she must bring suit within the limitations period set forth in section 13—202.

■ Plaintiff also argues that the Illinois statute of limitations was tolled by the filing of her proposed complaint before the Indiana medical review panel because the Indiana statute provides that the filing of a proposed complaint tolls the "applicable statute of limitations."

As stated above, we do not believe that the Indiana statute can control the jurisdiction of courts in Illinois. The Indiana statute has been held applicable and mandatory only to actions filed in that State. Thus, we cannot agree that the tolling provision can be held applicable to the Illinois statute of limitations in an action filed in Illinois. Rather, we hold that the tolling provision refers to the limitations periods set forth in the Indiana statute itself for actions brought in that State.

The Indiana statute specifies that a claim against a health-care provider must be brought within two years from the date of the alleged act, omission, or negligent conduct, except that a minor under the full age of six years shall have until his eighth birthday to file. (Ind. Code Ann. §16—9.5—3—1 (Burns 1983).) Thus, the statute specifies two distinct limitations periods to be applied based upon the age of the claimant. In this situation, the tolling provision refers to actions to be brought in Indiana under the provisions of this section and provides that the "applicable statute of limitations," depending upon the age of the claimant, is tolled by the filing of a proposed complaint before the review panel.

■ Plaintiff also claims that the Illinois statute of limitations was tolled under section 13—216 of the Illinois Code of Civil Procedure which provides that "[w]hen the commencement of an action is stayed by injunction, order of a court, or statutory prohibition, the time of the continuance of the injunction or prohibition is not part of the time limited for the commencement of the action." Ill. Rev. Stat. 1989, ch. 110, par. 13—216.

Plaintiff argues that the filing of a proposed complaint before the Indiana medical review panel constituted a "statutory prohibition" within the meaning of this section. As we noted above, the Illinois Supreme Court held in *Ransom* that the Indiana statute did not operate as a bar to the filing of a timely action in Illinois. Thus, plaintiff's choice to pursue the review panel process in Indiana cannot be con-

strued as a "statutory prohibition" under section 13—216 of the Illinois statute.

■ Finally, plaintiff asserts that defendant Kaufman waived the right to assert the statute of limitations defense by participating in the Indiana medical review panel procedures.

The principle of waiver applies only where a party undertakes the intentional relinquishment of a known right. (*Western Casualty & Surety Co. v. Brochu* (1985), 105 Ill. 2d 486, 499, 475 N.E.2d 872, 878.) In the instant case, defendant Kaufman could not have known, when he responded to and participated in the medical review panel process in Indiana, that plaintiff would later file an untimely action in Illinois. Consequently, it cannot be said that he relinquished a known right to assert plaintiff's failure to comply with the statute of limitations as a defense to her Illinois action.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

McNAMARA and EGAN, JJ., concur.