Jing W. HUANG, Personal Representative of the Estate of Laura J. Huang, and Jing W. Huang & Yukon Huang, Surviving Parents of Laura J. Huang, Appellants,

v.

James B. D'ALBORA, M.D., Appellee.

No. 93–CV–161.

District of Columbia Court of Appeals.

Argued May 23, 1994.
Decided June 27, 1994.

Dean E. Swartz, with whom Elizabeth A. Karasik, Washington, DC, was on the brief, for appellants.

Albert D. Brault, with whom M. Kathleen Parker, Washington, DC, was on the brief, for appellee.

Before STEADMAN, FARRELL, and KING, Associate Judges.

FARRELL, Associate Judge:

This is an appeal from two orders of the Superior Court granting summary judgment to Dr. D'Albora (appellee) on the ground that the statutes of limitations had expired. The first order, entered by Judge Wertheim, related to appellants' claim under the District of Columbia Survival Act, D.C.Code § 12–101

(1989). The second, entered by Judge Kollar–Kotelly, related to appellants' claim under the Maryland Wrongful Death Act, MD. CODE ANN., CTS. & JUD.PROC. § 3–902 (1989). Both claims arose from the allegedly negligent failure of appellee, a physician, to diagnose the illness of appellants' seven-year-old daughter, who died of cardiac arrest as a result of untreated streptococcal pneumonia.

On appeal, appellants contend that the statutes of limitations under both counts (survival and wrongful death) were tolled by an arbitration claim they had filed in compliance with Maryland statutory law. As we agree with both trial judges that the filing and pendency of this claim did not toll the statutes of limitations governing appellants' suit in the District of Columbia, we affirm the grants of summary judgment.

## I.

Appellants' child died in early 1986. On December 7, 1988, appellants filed survival and wrongful death claims with the Maryland Health Claims Arbitration Office pursuant to MD.CODE ANN., CTS. & JUD.PROC. § 3–2A–01 (1989). Following discovery, on January 30, 1990, both sides agreed to waive arbitration. One day later, four years and four days after the death, appellants filed suit in the Superior Court of the District of Columbia seeking recovery under the Maryland survival and wrongful death statutes; on March 2, 1990, they amended the complaint to substitute a District of Columbia survival claim. On May 10, 1990, appellee's motion to dismiss on grounds of *forum non conveniens* and lack of personal jurisdiction was denied.[1] Meanwhile, on March 15, 1990, appellants filed suit in Montgomery County, Maryland, alleging the same cause of action under the Maryland survival and wrongful death statutes. That suit is still pending.

1. Upon appellee's interlocutory appeal raising the first ground for dismissal, this court affirmed. *D'Albora v. Huang*, No. 90–740 (D.C. July 3, 1991).

2. The District's Survival Act, which appellants concede applies in this case, is subject to a three-year statute of limitations. D.C.Code § 12–

## II.

■ At the time of the events leading to the child's death, appellants resided in Maryland. The Maryland Health Care Malpractice Claims (HCMC) Act, MD.CODE ANN., CTS. & JUD.PROC. § 3–2A–01 *et seq.*, requires submission of medical malpractice claims to an arbitration panel before a similar action may be brought in the courts of that state. *Ott v. Kaiser–Georgetown Health Plan*, 309 Md. 641, 526 A.2d 46, 48 (1987); MD.CODE ANN., CTS. & JUD.PROC. § 3–2A–02(a)(2) ("An action or suit of that type may not be brought or pursued in any court of this State except in accordance with this subtitle"). Since the arbitration requirement "creates a condition precedent to the institution of a court action," *Ott*, 526 A.2d at 49 (citations and internal quotation marks omitted), it also tolls the statute of limitations for a medical malpractice suit brought in Maryland. *See* MD.CODE ANN., CTS. & JUD.PROC. § 5–109(d) (filing of medical malpractice arbitration claim "shall be deemed the filing of an action" for purposes of statute of limitations).

■ Appellants concede that, unless the filing of the Maryland arbitration claim tolled the time for filing their suit in the District of Columbia, the statutes of limitations of both jurisdictions defeat their claims in the present suit.[2] Appellants' arguments in behalf of tolling are twofold. The first (itself in two parts) is necessitated by their having persuaded the trial court, and now conceding, that District of Columbia substantive and procedural law governs their survival claim. Appellants first appear to argue, improbably, that the Maryland HCMC statute requires arbitration (absent waiver of both parties) as a condition of filing suit in *any* court against a health care provider licensed by Maryland, and that, accordingly, they fall within the rule that "[w]here a person is *prevented* from exercising his legal remedy by the pendency of legal proceedings, the time during which

301(8). The District's Wrongful Death Act is subject to a one-year statute of limitations. D.C.Code § 16–2702 (1989). The Maryland Wrongful Death Act is governed by a three-year statute of limitations. MD.CODE ANN., CTS. & JUD. PROC. § 3–904(g)(1).

he is thus prevented should not be counted against him in determining whether limitations have barred his right." 54 C.J.S. *Limitations of Actions* § 121 (1987) (emphasis added). But, as we have pointed out, the Maryland statute by its terms requires arbitration only as a condition of filing suit "in any court of this State...." No language elsewhere in the statute, nor any Maryland decision cited to us, supports appellants' much broader reading of "court" as purporting to include a court of any other state in which suit may be brought. *Cf. Ransom v. Marrese*, 122 Ill.2d 518, 120 Ill.Dec. 525, 528–29, 524 N.E.2d 555, 558–59 (1988) (rejecting similar reading of "court" in construing kindred Indiana medical review panel statute). In *Ott, supra*, the Court of Appeals of Maryland did interpret "court" in the HCMC statute to "encompass the federal District Court [in Maryland] when [diversity] jurisdictional requirements are met," *Ott*, 526 A.2d at 50;[3] but that is a far cry from holding it to embrace a court of any of the fifty states, even one applying Maryland substantive law in the particular case. *See Ransom*, 120 Ill.Dec. at 529, 524 N.E.2d at 559 ("A court in the State of Illinois ... is not transformed into a court of the State of Indiana simply because it applies Indiana substantive law to the controversy before it").

Appellants further contend that at the time of their child's injury and death it was uncertain which would be the proper forum for a law suit, and that they should not be penalized for following the Maryland HCMC procedures until negotiations led to the joint waiver of arbitration—particularly when the extensive arbitral discovery protected appellee from any staleness of their malpractice claim. This argument boils down to a request that we adopt some sort of equitable tolling, which we have previously

refused to do in regard to general statutes of limitations. *Namerdy v. Generalcar*, 217 A.2d 109, 113 (D.C.1966). *See also Curtis v. Aluminum Ass'n*, 607 A.2d 509 (D.C.1992), *cert. denied*, —— U.S. ——, 113 S.Ct. 970, 122 L.Ed.2d 125 (1993); *Bond v. Serano*, 566 A.2d 47 (D.C.1989). These decisions prevent us from doing so here as well.[4]

Appellants' second main argument relates to their wrongful death action alone (brought under Maryland law) and has embroiled the parties in a dispute over choice of law and analogous long-arm jurisdictional concepts. Appellants contend that the wrongful act in this case took place in Maryland, and that since in such a case Maryland courts would apply Maryland substantive and procedural law, including the tolling of limitations effected by HCMC arbitration, the Superior Court should do the same in an action applying Maryland law. Appellee, in turn, disputes the place of the alleged wrongful act and contends that, while suit was properly brought in the District under Maryland's wrongful death statute (assuming personal jurisdiction), the *renvoi* provision of that statute specifically directs application of the District of Columbia's substantive law when, as here (in appellee's view), the wrongful act occurred in the District.[5] Appellee needs only add that under District law the time limit for filing a wrongful death suit is substantive—"a part of the right of action itself." *Strother v. District of Columbia*, 372 A.2d 1291, 1297 n. 13 (D.C.1977).

We find it unnecessary to decide (with or without the aid of the Court of Appeals of Maryland)[6] where Maryland would hold the wrongful act to have occurred in this case for purposes of the *renvoi* component of its wrongful death statute. We assume for argument's sake that Maryland would apply its substantive law to this action. We also rec-

---

3. In such circumstances, the district court is, "in effect, only another court of the State" under *Erie R.R. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). *Guaranty Trust Co. v. York*, 326 U.S. 99, 108–09, 65 S.Ct. 1464, 1469–70, 89 L.Ed. 2079 (1945). *See also Ransom*, 120 Ill.Dec. at 529, 524 N.E.2d at 559.

4. Though not integral to our decision on this point, we note again that appellants' suit for the same cause of action is still pending in Maryland.

5. See MD.CODE ANN., CTS. & JUD.PROC. § 3–903(a): "If the wrongful act occurred in another state, the District of Columbia, or a territory of the United States, a Maryland court shall apply the substantive law of that jurisdiction."

6. See D.C.Code § 11–723(h) (1989) (permitting certification of issue of law to the highest court of any State).

ognize that, as under District of Columbia law, the limitations period in Maryland's wrongful death statute "is part of the substantive right of action." *Slate v. Zitomer,* 275 Md. 534, 341 A.2d 789, 794 (1975), *cert. denied,* 423 U.S. 1076, 96 S.Ct. 862, 47 L.Ed.2d 87 (1976). We therefore assume that Maryland's statute of limitations for wrongful death would also apply to this action. But for us to rule in appellants' favor, we would have to go further and hold that in a wrongful death action brought in the District of Columbia applying Maryland substantive law, the statute of limitations is tolled by an arbitration requirement that District law does not impose and that under Maryland law is not part of the substantive action for wrongful death. We decline to do so.

▋ Under customary choice of law principles, "the laws of the forum ... apply to matters of procedure," *Fowler v. A & A Co.,* 262 A.2d 344, 347 (D.C.1970); and, save where limitations is part of the cause of action itself, "[a] limitation on the time of suit is procedural and is governed by the law of the forum." *Namerdy,* 217 A.2d at 113. The Maryland arbitration requirement applies to "[a]ll claims, suits, and actions ... by a person against a [Maryland-licensed] health care provider," MD.CODE ANN., CTS. & JUD. PROC. § 3–2A–02; it is not limited to wrongful death suits. On the other hand, as we have seen, arbitration is a condition precedent only to suit brought in the courts of Maryland. Not surprisingly, therefore, the arbitration statute describes its provisions as "procedural in nature" and not intended "to create, enlarge, or diminish any cause of action not heretofore existing...." *Id.,* § 3–2A–09. While the statute provides the exclusive means by which an arbitration award may be upset, *viz.,* an "action in court to nullify the award," *id.,* § 3–2A–06(b), that "proceeding is not analogous to an appeal from an administrative decision[; r]ather, the action is essentially a separate common law tort action with the added element that the arbitration process must be complete." *Ott,* 526 A.2d at 49. In sum, the arbitration procedure—including its tolling feature—is not part of the substantive action for wrongful death, and therefore provides no basis for our departing from the rule that forum law

governs procedural matters, including operation of the statute of limitations, even when Maryland substantive law is to be applied.

In the only decision closely on point cited by the parties, an Illinois intermediate appellate court reached the same result we do. Earlier, in *Ransom v. Marrese, supra,* the Illinois Supreme Court had held that Indiana's Medical Malpractice Act, containing medical review panel procedures akin to Maryland's, did not operate to bar the filing of suit against an Indiana physician in Illinois. *Ransom,* 120 Ill.Dec. at 530, 524 N.E.2d at 560. In *Cox v. Kaufman,* 212 Ill.App.3d 1056, 156 Ill.Dec. 1031, 571 N.E.2d 1011 (1991), a plaintiff who filed a similar suit against an Indiana physician outside the applicable Illinois statute of limitations argued that the statute should be tolled by the complaint she had filed with the Indiana medical review panel. In rejecting this argument, the appellate court first noted that Indiana's Medical Malpractice Act had "not create[d plaintiff's] cause of action," but established requirements that were "procedural rather than substantive," affecting "only the remedy for the common-law cause of action." *Id.* 156 Ill.Dec. at 1035, 571 N.E.2d at 1015. The court then explained why application of forum law to the question of limitations and tolling was proper in these circumstances:

[P]laintiff could have elected to file suit in Illinois and bypass the Indiana medical review panel procedures. Plaintiff could also have filed a proposed complaint before the Indiana review panel and simultaneously brought suit in Illinois before the panel issued its opinion. Because plaintiff elected to follow the Indiana procedure and wait until the written opinion was issued by the review panel, she allowed the Illinois limitations period to pass without filing suit.

Although plaintiff has the right to choose the forum in which she will pursue her claim, she must be bound by the limitations period of that forum. We do not believe that the Indiana Medical Malpractice Act, which merely defines the procedure for bringing a medical malpractice action in that State, can govern the jurisdiction of Illinois courts. If plaintiff elects

to sue in Indiana, she must follow the medical review panel procedures and must bring suit within 90 days of the date ... the panel's opinion is issued. If plaintiff elects to sue in Illinois, she is not required to comply with Indiana's review panel process, but she must bring suit within the limitations period set forth in [the Illinois statute].

*Id.* 156 Ill.Dec. at 1036, 571 N.E.2d at 1016 (citation omitted). Although, unlike in *Cox,* we have assumed that the Maryland statute of limitations would govern appellants' wrongful death suit in Superior Court, we nonetheless find the reasoning of the court persuasive. Appellants' arbitration claim, which was not a condition of their right to sue in the District of Columbia nor part of their substantive cause of action for wrongful death, did not toll the limitations period for filing suit in Superior Court.

Affirmed.