165 F.3d 32
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Roy D. GLOVER, Plaintiff-Appellant,
v.
AMOCO OIL COMPANY, INC. and Sugar Creek Refinery, Defendant-Appellee.
 No. 97-1115.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 6, 1998.*
Decided Nov. 13, 1998.
 
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. No. 96 C 3018. Suzanne B. Conlon, Judge.
 Before Hon. THOMAS E. FAIRCHILD, Hon. WILLIAM J. BAUER, Hon. TERENCE T. EVANS, Circuit Judges.
 
 ORDER
 
 1
 Roy Glover sued Amoco Oil Company and its subsidiary, Sugar Creek Refinery (collectively, "Amoco"), in the Northern District of Illinois, claiming that he contracted asbestosis as a result of Amoco's negligence in operating the refinery where he worked for several years. The district court dismissed Glover's diversity action under Federal Rule of Civil Procedure 12(b)(6) on the ground that Glover's suit was untimely. Glover appeals, and we reverse.
 
 
 2
 Glover filed his complaint on May 20, 1996, stating that he worked as a Hot Process and Boiler Operator in the power station area of the Sugar Creek refinery from 1979 to 1983. Asbestos allegedly was widespread at the refinery, where it was used to insulate pipes and fireproof boilers, among other things. Glover asserts that growths in his lungs (shown in recent x-rays) and various other symptoms he is experiencing are caused by the asbestos he encountered at the refinery. Amoco moved to dismiss the complaint under Rule 12(b)(6), arguing that the suit was untimely under Illinois' two-year statute of limitations for personal injury actions.[1] 735 Ill. Comp. Stat. 5/13-202 (1996). Amoco asserted that Glover's 1996 suit was barred because the limitations period began to run in 1983 when Glover last worked at the refinery.[2]
 
 
 3
 We review dismissals under Rule 12(b)(6) de novo. Caremark, Inc. v. Coram Healthcare Corp., 113 F.3d 645, 648 (7th Cir.1997). We take all of the allegations of the complaint as true and draw all reasonable inferences in the plaintiff's favor, id., and affirm the district court's order of dismissal only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). A defendant may raise an affirmative defense such as statute of limitations in a Rule 12(b)(6) motion to dismiss, but dismissal is appropriate only if the allegations of the complaint clearly show that the claim is time-barred. See Kauthar SDN BHD v. Sternberg, 149 F.3d 659, 670 n. 14 (7th Cir.1998) (collecting cases). Under the federal rules of civil procedure, a complaint need only set forth a "short and plain statement of the grounds" for relief. Fed.R.Civ.P. 8(a). Allegations that would defeat a statute of limitations defense (or any other affirmative defense) need not be included. Tregenza v. Great Am. Communications Co., 12 F.3d 717, 718 (7th Cir.1993). Thus, Glover was not required to plead facts showing that his claim was timely filed. Although a plaintiff may plead himself out of court if he alleges facts that conclusively demonstrate that he has no claim, id., that is not the case here, and Amoco's arguments to the contrary are without merit.
 
 
 4
 To support its untimeliness argument, Amoco points to Glover's allegations that he worked at the refinery between 1979 and 1983, and that "the injury and damages are done" once a worker is exposed to carcinogenic levels of asbestos. The latter allegation is Glover's assertion that his physical injury began at the time of his exposure, not a statement of when his legal claim accrued. Nor do the dates of Glover's employment, standing alone, show when his claim accrued. Like many other states, Illinois recognizes the "discovery rule" of accrual: "the cause of action accrues when the plaintiff knows or reasonably should know of an injury and also knows or reasonably should know that the injury was caused by the wrongful acts of another." Nolan v. Johns-Manville Asbestos, 85 Ill.2d 161, 52 Ill.Dec. 1, 421 N.E.2d 864, 868 (Ill.1981). Once the plaintiff knows "both that an injury has occurred and that it was wrongfully caused, the statute begins to run and the party is under an obligation to inquire further to determine whether an actionable wrong was committed." Id. The determination of the exact date on which a claim accrued is a question of fact. Id. at 869.
 
 
 5
 Here, the complaint contains no information showing when Glover became aware that he had been injured or that his injury was wrongfully caused. On appeal, Amoco points to a medical record dated April 1, 1993, identifying "asbestosis pulmonary inflitrates effusions" in a chest x-ray of Glover, and contends that this shows that Glover knew of his condition by that date at the latest. But this document cannot be considered by a court deciding a motion brought under Rule 12(b)(6), which must be decided on the complaint and the accompanying exhibits. See General Elec. Capital Corp. v. Lease Resolution Corp., 128 F.3d 1074, 1080 (7th Cir.1997). Nor were the procedures for converting a Rule 12(b)(6) motion to a Rule 56 motion, which would permit the consideration of other evidence, followed here. See General Elec. Capital Corp., 128 F.3d at 1080; Fed.R.Civ.P. 12(b). Moreover, Glover contends on appeal that he did not know of any asbestos-related disease until December, 1994. In evaluating a motion to dismiss, a court considers new facts contained in later briefs or pleadings, including briefs on appeal, so long as they are consistent with the complaint. See Highsmith v.. Chrysler Credit Corp., 18 F.3d 434, 439-40 (7th Cir.1994). Glover's assertions as to when he first knew of his asbestosis must be taken as true at this stage, and thus Glover's lawsuit cannot be dismissed.
 
 
 6
 For the above reasons, the judgment of the district court must be REVERSED and REMANDED for further proceedings consistent with this order.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f)
 
 
 [1]
 We agree with the district court that the Illinois statute of limitations applies to this action. See Klaxon Co. v. Stentor Elec. Co., Inc., 313 U.S. 487, 496, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941) (federal courts exercising diversity jurisdiction employ the choice-of-law principles used by the forum state); Cox v. Kaufman, 212 Ill.App.3d 1056, 156 Ill.Dec. 1031, 571 N.E.2d 1011, 1015 (Ill.App.Ct.1991) (when conducting choice-of-law analysis, Illinois regards statutes of limitations as procedural and thus applies its own statutes of limitations, even when Illinois choice-of-law principles dictate the application of another state's substantive law)
 
 
 [2]
 Amoco has not raised any issued related to workers' compensation laws