Mary Ann ANABALDI and James Robert Anabaldi, Natural Guardians and parents of Eric Anabaldi, a minor; and Mary Ann Anabaldi and James Robert Anabaldi, Individually; and William Duminski and Alice Duminski, Natural Guardians and parents of Anne Duminski, a minor; and William Duminski and Alice Duminski, Individually, Plaintiffs,

v.

SUNBEAM CORPORATION, a subsidiary of Allegheny International, a Delaware Corporation; and Allegheny International, a Delaware Corporation, successor in interest to Sunbeam Corporation, Defendants.

No. 82 C 3052.

United States District Court, N.D. Illinois, E.D.

Jan. 27, 1987.

■

George A. Hilborn, Southfield, Mich., John J. Corbett, Chicago, Ill., for plaintiffs.

Lloyd E. Williams, Jr., Jacobs, Williams & Montgomery, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

BRIAN BARNETT DUFF, District Judge.

This diversity action alleging strict products liability, negligence, and breach of express and implied warranties of merchantability comes before the court on two related motions: plaintiffs' motion to strike defendant's affirmative defenses, and defendant's "motion to declare the law of the case." Each motion requires the court to consider whether the substantive law of Illinois or Pennsylvania governs this case, and whether the applicable statutes of limitation bar plaintiffs' claims for strict liability and breach of warranty.

Defendant Sunbeam Corp. is a Delaware corporation with its principal place of business in Illinois. Sunbeam manufactured home cooker/fryers at its plant in Illinois and distributed them in Pennsylvania where, in October, 1980, a cooker/fryer filled with hot oil tipped over and severely burned the two plaintiff children, both Pennsylvania residents.

Plaintiffs filed this action in May, 1982, and Sunbeam answered the complaint soon afterwards. In November, 1984, Sunbeam amended its answer to assert two affirmative defenses: first, that because it initially sold the cooker/fryer no later than May, 1968, the 12–year statute of repose for products liability actions in Illinois, Ill.Rev. Stat. ch. 110, ¶ 13–213, bars plaintiffs' strict liability claim; and second, that for the same reason, the four-year statute of limitations for breach of warranty actions

in Illinois, Ill.Rev.Stat. ch. 26, § 2–725, bars plaintiffs' breach of warranty claims.

## DISCUSSION

Rule 12(f) of the Federal Rules of Civil Procedure authorizes courts to "order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Plaintiffs contend that the affirmative defenses are insufficient because Pennsylvania law governs this case and their claims are timely under Pennsylvania law. Plaintiffs also argue that it is unfair for Sunbeam to raise its limitations defenses for the first time more than two years into this litigation.

■ As a federal court exercising its diversity jurisdiction, this court applies the substantive law of the forum in which it sits, including that forum's choice-of-law rules, *Goldberg v. Medtronic, Inc.*, 686 F.2d 1219, 1225 (7th Cir.1982), and its statutes of limitation, *Guaranty Trust Co. v. York*, 326 U.S. 99, 110–11, 65 S.Ct. 1464, 1470, 89 L.Ed. 2079 (1945).

Illinois applies the "most significant contacts" test to determine the applicable law in tort cases. *Ingersoll v. Klein*, 46 Ill.2d 42, 47–48, 262 N.E.2d 593 (1970). This test requires the court to weigh four factors: "(a) The place where the injury occurred; (b) The place where the conduct occurred; (c) The domicile, nationality, place of incorporation and place of business of the parties; (d) The place where the relationship of the parties is centered." *Id.*

■ These factors require the application of Pennsylvania substantive law. The injury occurred in Pennsylvania, and while part of the conduct at issue occurred in Illinois (the manufacture of the allegedly defective cooker/fryer), another part of the conduct occurred in Pennsylvania (the distribution and sale of such cooker/fryers). Plaintiffs are Pennsylvania citizens, and although Sunbeam's principal place of business is in Illinois, the company also does business in Pennsylvania. Finally, the relationship of the parties is centered in

Pennsylvania because that is the only place where their spheres of activity intersected.

■ A determination that the substantive law of Pennsylvania governs this case does not settle the adequacy of Sunbeam's affirmative defenses, however, because it leaves open the question of whether an Illinois court would apply Illinois or Pennsylvania statutes of limitation to plaintiffs' claims. As a general rule Illinois courts apply Illinois statutes of limitation to common law causes of action arising in other states, even when those causes of action are governed by foreign law. *Jackson v. Shuttleworth*, 42 Ill.App.2d 257, 259, 192 N.E.2d 217 (3d Dist.1963); *Bernard Food Industries v. Dietene Co.*, 415 F.2d 1279, 1282 (7th Cir.1969). Because both strict liability and breach of warranty are common law causes of action in Pennsylvania, Illinois statutes of limitation govern this suit.

■ Sunbeam's first affirmative defense invokes the 12–year statute of repose for strict liability actions in Illinois, Ill.Rev. Stat. ch. 110, ¶ 13–213. But not all statutes of "repose" are statutes of "limitations"; a statute of limitations is a procedural rule requiring a plaintiff to bring suit within a certain time after her cause of action has accrued. *Thornton v. Mono Manufacturing Co.*, 99 Ill.App.3d 722, 726, 54 Ill.Dec. 657, 425 N.E.2d 522 (2d Dist.1981). The Illinois statute of repose for strict liability claims is not a true statute of limitations because it is a substantive rule extinguishing a cause of action upon the lapse of a given period of time—regardless of whether the cause of action ever accrued. *Id.*

■ Because the Illinois statute of repose for strict liability claims is substantive and the substantive law of Pennsylvania governs this case, Sunbeam cannot assert the Illinois statute of repose. Illinois applies its general statute of limitations for personal injury actions to product liability claims, *Berry v. G.D. Searle & Co.*, 56 Ill.2d 548, 558–59, 309 N.E.2d 550 (1974), and that limitations period is two years, Ill.Rev.Stat. ch. 110 ¶ 13–202. Plaintiffs complied with ¶ 13–202 by bringing suit within two years from the date of the accident. Sunbeam's first affirmative defense therefore must be stricken.

■ Sunbeam's second affirmative defense asserts Illinois' four-year statute of limitations for actions on contracts for sale, Ill.Rev.Stat. ch. 26, § 2–725, which governs actions for breach of warranty, *Berry*, 56 Ill.2d at 556–57, 309 N.E.2d 550. Section 2–725 is a true statute of limitations, providing that an action for breach of warranty must be initiated within four years of its accrual, which the section defines as occurring upon tender of delivery, "except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered." Because § 2–725 is the applicable statute of limitations for plaintiffs' breach of warranty claims, and Sunbeam may be able to show that plaintiffs failed to comply with the statute, Sunbeam's second affirmative defense is proper.

■ There is no merit to plaintiffs' argument that it is unfair for Sunbeam to assert its statute of limitations defense so late in the litigation. Pennsylvania's statute of limitations for breach of warranty actions is identical to the Illinois statute, *Williams v. West Penn Power Co.*, 467 A.2d 811, 814 (Pa.1983), so Sunbeam's late assertion of the defense has not deprived plaintiffs of the ability to pursue their claims in a more generous forum.

Accordingly, the court finds that Pennsylvania substantive law governs this case, and strikes Sunbeam's first affirmative defense. Sunbeam's second affirmative defense stands.

IT IS SO ORDERED.