[No. 10368–4–III.  Division Three.  March 26, 1991.]

DAVID L. RUTTER, *Appellant,* v. BX OF TRI–CITIES, INC., ET AL, *Respondents.*

*Rhys A. Sterling,* for appellant.

*Kevin T. O'Shaughnessy,* for respondents.

MUNSON, J.—David Rutter appeals a summary judgment in favor of Business Exchange, Inc., contending Washington's Franchise Investment Protection Act should govern termination of a franchise agreement between Business Exchange, Inc., and BX of Tri–Cities, Inc., despite a choice of law clause in the agreement.

Business Exchange, Inc. (BEI), a California corporation, operates a nationwide barter club for businesses through a number of local franchises called Business Exchanges (BX). Under this franchise arrangement, BEI grants exclusive licenses to qualified franchisees to conduct the business exchange program in designated geographic areas.

Thomas Brown is the sole officer and shareholder of B–X of Spokane, Inc. (BXSPO). Beginning in January 1981, BXSPO operated the business exchange program in Spokane County. Mr. Brown enrolled David Rutter, doing business as Burger King, as a BX member on January 30, 1981.

In October 1982, Mr. Brown incorporated BX of Tri–Cities, Inc. (BXTC). BXTC immediately purchased the BEI franchise for the Walla Walla and Tri–Cities areas from Mountain West Distributors, Inc., thereby acquiring exclusive rights to operate the BX program in Benton, Columbia, Franklin, and Walla Walla Counties.

In July 1983, Mr. Rutter entered into a loan arrangement with Mr. Brown in which he signed over $16,500 worth of his BX credits in exchange for a promissory note for $15,000, secured by 51 percent of the stock in BXTC. Mr. Brown signed the promissory note in his capacity as president of BXTC.

On February 1, 1984, BEI sent a notice of default to BXSPO, addressed to Mr. Brown. On March 26, 1984, BEI sent another letter to BXSPO, again addressed to Mr. Brown, canceling all agreements between him and BEI, including the BXTC franchise.[1]

BXTC failed to make monthly installment payments required on the $15,000 promissory note. On April 23, 1984, Mr. Rutter sent BXTC notice of default. Aware that BEI had terminated the BXTC franchise, Mr. Rutter commenced this lawsuit, naming BXSPO, BXTC, the marital community of Thomas and Vicki Brown, and BEI as defendants.

In 1987 an order was entered permitting Mr. Rutter to pursue BXTC's claims against BEI under the trust fund doctrine.[2] That order has not been appealed.

Contending the BEI franchise agreement is subject to the provisions of the Washington Franchise Investment Protection Act (FIPA), and the cancellation of the BXTC franchise violated that act, Mr. Rutter moved for partial summary judgment against BEI.[3] BEI also moved for partial summary judgment, claiming more liberal provisions of

---

[1]This letter contained a list of seven accounts, totaling $73,561.68 due and owing BEI by April 25, 1984.

[2]Mr. Rutter argued that, under the trust fund doctrine "[t]he assets of an insolvent corporation constitute a trust fund for the payment of its creditors. Those assets may consist of property in the possession of the corporation, accounts receivable, choses in action, claims of various kinds . . .". *Gaunce v. Schoder,* 145 Wash. 604, 605, 261 P. 393 (1927). He asserted BXTC had a claim for wrongful termination against BEI which constituted a chose in action or claim under *Gaunce.*

[3]Under the Washington act, RCW 19.100.180(2)(j), a franchisor may only "terminate a franchise without giving prior notice or opportunity to cure a default

California law governed the validity of the franchise termination.[4]

The BEI franchise agreement contains a choice of law clause which provides:

> The validity, interpretation and performance of this Agreement shall be controlled by and construed under the laws of the State of California, the state in which this Agreement is being executed.

Based on this clause, the trial court determined California law governs interpretation of the contract and FIPA does not apply to the termination of the franchise agreement. The court granted BEI's motion for partial summary judgment.

Mr. Rutter contends Washington's FIPA embodies a fundamental public policy and must be applied in this case despite the choice of law clause incorporated in the franchise agreement.

■■ Washington courts will not give effect to an express choice of law clause if application of the law of the chosen state would be contrary to a fundamental policy of Washington and Washington has a materially greater interest in the determination of the particular issue. *O'Brien v. Shearson Hayden Stone, Inc.*, 90 Wn.2d 680, 685–86, 586 P.2d 830 (1978) (citing Restatement (Second) of Conflict of

---

if the franchisee: (i) Is adjudicated a bankrupt or insolvent; (ii) makes an assignment for the benefit of creditors or similar disposition of the assets of the franchise business;".

[4]Cal. Bus. & Prof. Code § 20021 provides in part:

"If during the period in which the franchise is in effect, there occurs any of the following events which is relevant to the franchise, immediate notice of termination without an opportunity to cure, shall be deemed reasonable:

". . . .

"(d) The franchisee makes any material misrepresentations relating to the acquisition of the franchise business or the franchisee engages in conduct which reflects materially and unfavorably upon the operation and reputation of the franchise business or system;

". . . .

"(g) The franchisee repeatedly fails to comply with one or more requirements of the franchise, whether or not corrected after notice;"

Laws § 187 (1971)), *adhered to on rehearing,* 93 Wn.2d 51, 605 P.2d 779 (1980).

> [A] fundamental policy may be embodied in a statute which makes one or more kinds of contracts illegal or which is designed to protect a person against the oppressive use of superior bargaining power.

Restatement (Second) of Conflict of Laws § 187, comment *g,* at 568–69 (1971). FIPA is such a statute.

FIPA includes an emergency effective date provision which states: "This act is necessary for the immediate preservation of the public peace, health and safety . . .". Laws of 1972, 1st Ex. Sess., ch. 116, § 17. RCW 19.100.170 and .180 designate certain practices in connection with the sale, execution, renewal or termination of franchise agreements as unlawful acts. RCW 19.100.190, characterizing the practices prohibited by RCW 19.100.180 as unfair or deceptive acts under the Consumer Protection Act, provides for enforcement by both public and private actions. RCW 19.100.220, voiding any contract provision which purports to waive compliance with the act, reflects the legislative intent to limit the franchisor's ability to avoid the act's provisions through oppressive use of superior bargaining power.[5]

*Coast to Coast Stores, Inc. v. Gruschus,* 100 Wn.2d 147, 150, 667 P.2d 619 (1983) recognized the overwhelmingly stronger bargaining position of the franchisor, with concomitant power to coerce and oppress franchisees, and

---

[5]RCW 19.100.220 provides:

In any proceeding under this chapter, the burden of proving an exception or an exemption from definition is upon the person claiming it. Any condition, stipulation or provision purporting to bind any person acquiring a franchise at the time of entering into a franchise or other agreement to waive compliance with any provision of this chapter or any rule or order hereunder is void.

One commentator has categorically stated a choice of law clause attempting to apply the law of another jurisdiction where the Washington FIPA would otherwise apply should be invalid under RCW 19.100.220. D. Chisum, *State Regulation of Franchising: The Washington Experience,* 48 Wash. L. Rev. 291, 342 (1973).

described the provisions of RCW 19.100.180 as a "franchisee bill of rights." The provisions of FIPA reflect a fundamental policy of this state to protect its citizens from oppressive practices historically associated with the sale of franchises. Application of California law permitting termination of a franchise without prior notice would be contrary to this policy.

Since BXTC is a Washington corporation which conducted its business within Washington, this State has a materially greater interest than does California in determining whether BEI wrongfully terminated the BXTC franchise. *See O'Brien*, 90 Wn.2d at 686–87. Accordingly, the choice of law clause in the franchise agreement should not be applied to this dispute.

Mr. Rutter requests attorney fees under the Consumer Protection Act. The trial court, having incorrectly determined California law applied, did not reach the issue of whether BEI's actions violated FIPA. This court cannot award attorney fees until that issue has been decided.

We reverse the summary judgment and remand for determination of factual issues under Washington law.

SHIELDS, A.C.J., and THOMPSON, J., concur.