### Michael J. MULDOON, Plaintiff–Appellant,

v.

### TROPITONE FURNITURE COMPANY; Marriott Corporation, Defendants–Appellees.

No. 92–55295.

United States Court of Appeals, Ninth Circuit.

Submitted August 6, 1993 *.

Decided Aug. 26, 1993.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Cir.R. 34–4.

Mary A. Lehman, Gray, Cary, Ames & Frye, San Diego, CA, for plaintiff-appellant.

Charles A. Viviano, Daniel A. Martorella, Viviano & Bradley, San Diego, Teresa Dwyer–Beck, Lincoln & Gustafson, San Diego, CA, for defendants-appellees.

Before: BROWNING, FARRIS and PAUL J. KELLY, Jr.,** Circuit Judges.

** Honorable Paul J. Kelly, Jr., United States Circuit Judge for the Tenth Circuit, sitting by desig-

FARRIS, Circuit Judge:

Michael J. Muldoon appeals the dismissal of his personal injury action against Tropitone Furniture Company and The Marriott Corporation. The district court dismissed the action as time barred. We vacate and remand.

## I.

Muldoon allegedly suffered an injury on September 12, 1989, during a stay at the San Diego Marriott Hotel, when he adjusted a lounge chair manufactured by Tropitone Furniture Company. On October 10, 1990, Muldoon filed a personal injury action against Marriott and Tropitone in California state court. That action was dismissed without prejudice for failure to comply with California's one-year statute of limitations, Cal.Civ. Proc.Code § 340(3) (West 1982).

On September 12, 1991, Muldoon commenced this diversity action against Marriott and Tropitone in the United States District Court for the Northern District of Illinois. On its own motion, the district court in Illinois transferred the action to the United States District Court for the Southern District of California pursuant to 28 U.S.C. § 1404(a). The district court in California then dismissed the action as time barred under the California statute of limitations.

## II.

Section 1404(a) of Title 28 states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a) (1988). In *Van Dusen v. Barrack*, 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964), the Supreme Court held that where such a transfer is granted at the behest of a defendant, the transferee court must follow the choice-of-law rules of the transferor court. In *Ferens v. John Deere Co.*, 494 U.S. 516, 110 S.Ct. 1274, 108 L.Ed.2d 443 (1990), the Court extended the *Van Dusen* rule to transfers initi-

nation.

ated by plaintiffs. The language and reasoning in *Ferens* leave no doubt that the rule equally is applicable where a district court transfers an action *sua sponte*. The district court in California therefore was required to apply the choice-of-law rules that the district court in Illinois would have applied.

### III.

■ As a federal court exercising its diversity jurisdiction, the Illinois district court would have applied the substantive law of Illinois, including Illinois' choice-of-law rules and its statutes of limitation. *Anabaldi v. Sunbeam Corp.*, 651 F.Supp. 1343, 1344 (N.D.Ill.1987) (citing *Goldberg v. Medtronic, Inc.*, 686 F.2d 1219, 1225 (7th Cir.1982) and *Guaranty Trust Co. v. York*, 326 U.S. 99, 110–11, 65 S.Ct. 1464, 1470–71, 89 L.Ed. 2079 (1945)); *Kalmich v. Bruno*, 553 F.2d 549, 552 (7th Cir.) ("State law barring an action because of a statute of limitations is sufficiently "substantive," in the *Erie* [*Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938)] sense, that a federal court in that state exercising diversity jurisdiction must respect it."), *cert. denied*, 434 U.S. 940, 98 S.Ct. 432, 54 L.Ed.2d 300 (1977).

### IV.

■ Illinois has adopted a "most significant relationship" test for determining the substantive law applicable in tort cases. *Ingersoll v. Klein*, 46 Ill.2d 42, 262 N.E.2d 593 (1970); *Anabaldi*, 651 F.Supp. at 1344. The district court in California purportedly applied this test in selecting the one-year California statute of limitations over Illinois' two-year statute. The court erred in so doing.

Although Illinois uses the *Ingersoll* approach in determining the applicable tort law, and although statutes of limitation are "substantive" for *Erie* purposes, *see Kalmich*, 553 F.2d at 552, Illinois considers statutes of limitation "procedural" for choice-of-law purposes. *See Cox v. Kaufman*, 212 Ill.App.3d 1056, 156 Ill.Dec. 1031, 1035, 571 N.E.2d 1011, 1015 ("Statutes of limitation are procedural, affecting only the remedy available and not the substantive rights of the parties, and are governed by the law of the forum."), *appeal denied*, 141 Ill.2d 537, 162 Ill.Dec. 484, 580 N.E.2d 110 (1991); *Kalmich*, 553 F.2d at 553 (same); *Anabaldi*, 651 F.Supp. at 1345 ("As a general rule Illinois courts apply Illinois statutes of limitation to common law causes of action arising in other states, even when those causes of action are governed by foreign law.").

Because an Illinois state court would have applied the Illinois statute of limitations, a federal district court in Illinois would have been bound to do likewise. *Kalmich*, 553 F.2d at 552; *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). As transferee court, the district court in California, in turn, should have applied the statute that the Illinois district court, the transferor court, would have been required to apply. *See Ferens*, 494 U.S. at 519, 110 S.Ct. at 1277. Thus, Illinois' two-year statute of limitations is applicable to this action, subject to the caveat discussed in part VI, *infra.*

### V.

Both Marriott and Tropitone argue that application of the longer limitations period would be unfair. because it would reward Muldoon for forum shopping. A similar argument expressly was rejected in *Ferens*: "Our rule may seem too generous because it allows the Ferenses to have both their choice of law and their choice of forum, or even to reward the Ferenses for conduct that seems manipulative. We nonetheless see no alternative rule that would produce a more acceptable result." 494 U.S. at 531, 110 S.Ct. at 1284. Muldoon's "forum shopping" was less "manipulative" than that condoned by the Court in *Ferens*: Muldoon undoubtedly filed in Illinois so as to obtain the benefit of Illinois' limitations period, but he did not seek to have the action transferred to California. The Supreme Court rejected the "fairness" arguments in *Ferens*. We are compelled to follow.

### VI.

■ The foregoing assumes that this action properly was transferred from Illinois to California under 28 U.S.C. § 1404(a) for the convenience of the parties and in the interest

of justice. We distinguish between cases so transferred and those transferred under §§ 1404(a) or 1406(a) to cure a lack of personal jurisdiction in the transferor district. *Nelson v. International Paint Co.,* 716 F.2d 640, 643 (9th Cir.1983). As to the latter, the law of the transferee district, including its choice-of-law rules, is applicable. *See id.; Manley v. Engram,* 755 F.2d 1463, 1467 & n. 10 (11th Cir.1985).

Although the district court in Illinois purported to transfer the case under § 1404(a) for the convenience of the parties, its characterization of the transfer is not controlling. If the transfer had the effect of curing a defect in personal jurisdiction, and if Tropitone and Marriott have not waived any objection to the transferor court's in personam jurisdiction, then the choice-of-law rules of the transferee jurisdiction should be applied. *See Davis v. Louisiana State Univ.,* 876 F.2d 412, 414 (5th Cir.1989) (per curiam).

On this record, we cannot ascertain whether Tropitone and Marriott, or either of them, were amenable to suit in the Northern District of Illinois. If they were, the transfer properly was effected for the convenience of the parties, and the district court in California was required to apply the choice-of-law rules of Illinois. Those rules mandate application of Illinois' statute of limitations. If, however, Tropitone and Marriott were not amenable to suit in Illinois, then California's choice-of-law rules should have been applied, provided that Tropitone and Marriott did not and have not waived the issue by failing to raise it in the district court in Illinois, in the district court in California, or on appeal.

The issue of waiver is complex. It does not appear, on the record before us, that either Tropitone or Marriott entered an appearance in the Illinois district court. Both, however, filed Rule 12(b)(6) motions with the district court in California without raising the issue of personal jurisdiction. Ordinarily, the defense of lack of personal jurisdiction is waived if it is not interposed in a party's first Rule 12(b)(6) motion. *See* Fed.R.Civ.P. 12(g), (h). It is not clear, however, whether in the peculiar circumstances of this case personal jurisdiction is a "defense of lack of jurisdiction" for purposes of Rule 12(h)(1).

We need not decide the question at this time. Instead, we remand to the district court so that it may determine whether Tropitone and Marriott were amenable to suit in the Northern District of Illinois. If they were, the Illinois statute of limitations applies to Muldoon's action. If they were not, the district court may consider whether Tropitone and Marriott waived any argument for the application of California law that is premised upon the jurisdictional defect. *See Nelson,* 716 F.2d at 643; *Davis,* 876 F.2d at 414.

**VACATED and REMANDED.**