52 F.3d 333
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael FRANKSTON, Plaintiff-Counter-Defendant-Appellant,
v.
AURA SYSTEMS, INC., Defendant-Counter-Claimant-Appellee.
 Nos. 93-56601, 93-56534.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 6, 1995.
Decided April 17, 1995.
 
 Before: McKAY,* REINHARDT, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 BACKGROUND
 
 2
 Frankston was one of the founders of Aura Systems and at one time served on its Board of Directors.[1] He also had an oral contract with the company to provide various consulting services from his Massachusetts home. The relationship soured, and Frankston brought an action against the company to recover money allegedly due him from various loan agreements, for reimbursement of costs and expenses, and for past due payments for services rendered. Aura Systems also filed counterclaims, but those claims are not at issue in this appeal.
 
 
 3
 Frankston, a Massachusetts resident, originally filed this action in the district court for the District of Massachusetts. Pursuant to Aura Systems' motion, the case was transferred to the Central District of California. Subsequently, Aura Systems moved for summary judgment on the ground that Frankston's complaint was barred by California's two-year statute of limitations which applies to all oral agreements. Frankston opposed the motion primarily on the ground that Massachusetts' six-year statute of limitations applied. The district court ruled in favor of Aura Systems reasoning that under Massachusetts' choice of law rules, California's statute of limitations applied. This appeal followed. We reverse.
 
 ANALYSIS
 
 4
 A grant of summary judgment is reviewed de novo. Jesinger v. Nevada Federal Credit Union, 24 F.3d 1127, 1130 (9th Cir.1994). A district court's decision concerning the appropriate choice of law is reviewed de novo. Waggoner v. Snow, Becker, Kroll, Klaris & Krauss, 991 F.2d 1501, 1505 (9th Cir.1993). The same de novo standard applies to the interpretation of state law. State Farm Mut. Auto. Ins. Co. v. Davis, 937 F.2d 1415, 1418 (9th Cir.1991).
 
 
 5
 When a diversity action is transferred pursuant to Sec. 1404(a), the court to which the action is transferred must apply the same state law, including choice of law rules, that the transferor court would have applied had the action remained there. See Ferens v. John Deere, 110 S.Ct. 1274 (1990); Muldoon v. Tropitone, 1 F.3d 964, 966 (9th Cir.1993). This means that the district court here was required to apply the same law as if the action had remained in the District of Massachusetts. Accordingly, Massachusetts' choice of law rules apply to this case.[2]
 
 
 6
 The parties dispute what Massachusetts' choice of law rules require. The district court reasoned that Massachusetts applies the Second Restatement of Conflicts to contract actions, and accordingly follows the "most significant relationship" test. The court proceeded to identify all of the relevant contacts and determined that California has the most significant relationship to the subject matter of the claim. Thus, it concluded, Massachusetts would apply California law to this action.
 
 
 7
 The plaintiffs do not dispute that California substantive law applies to their claims. Rather, they assert that the district court overlooked the fact that while Massachusetts' courts apply the substantive law of the state with the most significant relationship, they apply the procedural law of Massachusetts. They also assert that Massachusetts considers statutes of limitations to be procedural, and thus, that Massachusetts' courts would apply Massachusetts' statute of limitations to this action. See Hemric v. Reed, 739 F.2d 1 (1st Cir.1984); Alves v. Siegels, 710 F.Supp. 864 (D.Mass.1989).
 
 
 8
 At the time that this suit was filed, the highest court in Massachusetts had not addressed the issue of choice of law for statutes of limitations for more than eighty years, see e.g. Clarke v. Pierce, 215 Mass 552 (1913), but in some modern cases, intermediate courts had reaffirmed the traditional Massachusetts rule treating the matter as procedural. See e.g., Wilcox v. Riverside, 487 N.E.2d 860, 861 (Mass.App.1986) (reversed on other grounds). However, shortly before oral argument, the Supreme Judicial Court of Massachusetts announced that it was changing its traditional rule. In New England Telephone & Telegraph Company v. Gordeau Construction, 419 Mass. 658 (Ma.1995), the court stated that "for the future [ ] this court's treatment of the application of statutes of limitations as procedural will no longer be continued." Rather, the court adopted prospectively the approach advocated by the Second Restatement.
 
 
 9
 Although Massachusetts' new approach is consistent with that taken by the district court here, we must nonetheless reverse. In this case, the district court was required to apply the law in effect at the time the action arose. There is no indication that Massachusetts intended its change of law to apply so as to eliminate existing causes of action; if anything, it is clear that the opposite is the case. Moreover, we cannot conceive that the courts of the Commonwealth would countenance such an unjust result. Under the applicable rule in effect at the time this action arose, a Massachusetts court would have applied its own six-year statute of limitations. That is what the district court was also required to do. Thus, the district court erred in granting summary judgment.[3]
 
 
 10
 Accordingly, the grant of summary judgment is REVERSED.
 
 
 
 *
 The Honorable Monroe G. McKay, Senior Circuit Judge, United States Court of Appeals for the Tenth Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 "Aura Systems" includes the corporate subsidiaries and affiliates of Innovative Information Systems and Cypher Master, Inc, as well as co-founder Zvi Kurtzman
 
 
 [2]
 If a Massachusetts court would lack personal jurisdiction over the defendants, then it would violate due process for a Massachusetts court to apply its law. See Muldoon, 1 F.3d at 967. The defendants note this on appeal. Although there may be sufficient facts in the record to demonstrate the existence of personal jurisdiction (e.g. maintaining a "regional" office in Massachusetts; actively soliciting Massachusetts vendors), we need not address this question now. Aura failed to properly preserve this issue below and has thus waived it
 
 
 [3]
 We also note that even if the California statute of limitations applied summary judgment may have been inappropriate. Frankston asserts that the loan obligations were not due until money was available to pay them. There appear to be material issues of disputed fact as to whether Aura had sufficient funds to meet this obligation. If such funds were lacking, the statute of limitations did not begin to run