GETTLEMAN, District Judge.
 

 The court hereby adopts Magistrate Judge Ashman’s Report and Recommendation regarding the limited issue contained in defendants’ pending motion for summary judgment of the choice of law to be applied in this action. The court agrees with Judge Ash-man’s thoughtful analysis of the application of the Illinois Choice of Law Rules to the fact alleged in plaintiffs complaint, and specifically with Judge Ashman’s assessment that Illinois has the most significant contacts with this matter because the injury occurred in Illinois, the conduct causing the injury occurred in Illinois, and the relationship between the parties was centered in Illinois. As noted in the report and recommendation, defendants’ reliance on
 
 C & F Packing v. IBP, Inc.,
 
 No. 93 C 1601, 1994 WL 30540, 1994 U.S. Dist. LEXIS 973 (N.D.IH. Jan. 26, 1994), is misplaced.
 

 Finally, the court also agrees that Illinois’ five year statute of limitations would apply to this matter even if California law applies substantively. Illinois’ statutes of limitation are considered procedural, and are therefore commonly applied to common law causes of action arising in other states, even when those suits are governed by foreign law.
 
 Anabaldi v. Sunbeam Corp.,
 
 651 F.Supp. 1343, 1345 (N.D.Ill.1987). Accordingly, the court adopts Magistrate Judge Ashman’s Report and Recommendation in its entirety, and denies defendants’ objections.
 

 REPORT AND RECOMMENDATION
 

 ASHMAN, United States Magistrate Judge.
 

 This case is presently before the Court on the limited issue, contained in the pending motion for summary judgment, of the choice of law with respect to the statute of limita
 
 *595
 
 tions. This case commenced in September 1993 when Plaintiff, Flavorchem Corporation (“Flavorchem”), filed a complaint seeking injunctive and compensatory relief for an alleged misappropriation of trade secrets. Flavorchem filed its First Amended Complaint on December 21, 1995. Specifically, Flavorchem alleges that Defendant, Patrick Imburgia (“Imburgia”), a former employee, illegally copied certain flavor formulas developed by Flavorchem and after leaving Flavorehem formed his own company in California, Mission Flavors and Fragrances, Inc. (“Mission Flavors”), which has allegedly used the misappropriated flavor formulas. Defendants denied these allegations, asserted laches and statute of limitations defenses, and filed a counterclaim seeking a declaratory judgment that Imburgia had no duty not to disclose or use information obtained while a Flavorchem employee, that Flavorchem’s formulas are not trade secrets and that Imburgia independently developed its own flavors and products.
 

 The issue before the Court is which statute of limitations governs this case: the Illinois Trade Secrets Act, 765 ILCS § 1065/1 (1993)
 
 et seq.
 
 (“Illinois Act”), or the California Uniform Trade Secret Act, Cal.Civil Code § 3426
 
 et seq.
 
 (“California Act”). Flavorchem urges application of the Illinois Act while Defendants contend that the California Act applies; in the alternative, Flavorchem argues that even if the California Act applies substantively, the Illinois Act applies proeedurally thus mandating the five-year statute of limitations.
 

 The Court finds that in applying Illinois choice of law rules, the circumstances of this case render the Illinois Act applicable; however, even if the California Act applies, federal law requires following the procedure of the forum state, under circumstances such as these; and, thus, the Illinois five-year statute of limitations is properly applied to this case.
 

 I.
 
 Background
 

 Flavorchem is an Illinois Corporation with principal place of business in Downers Grove, Illinois. Mission Flavors is a California corporation with principal place of business in Rancho Santa Margarita, California. Imburgia, a citizen of California, is the Chief Executive Officer and President of Mission Flavors. Imburgia was employed by Flavor-chem from January 1, 1979 to January 31, 1986, and during his tenure he worked only in Illinois in production and the laboratory.
 

 During his employment with Flavorchem, Imburgia had access to, and knowledge of, certain of what Flavorchem terms ‘trade secrets,’ and was not authorized to remove, disclose or use any formula for his own benefit. After leaving Flavorchem, Imburgia worked for another company for two years prior to forming Mission Flavors. Flavor-chem asserts that Imburgia disclosed and used Flavorchem formulas in his subsequent employment and at Mission Flavors.
 

 The Uniform Trade Secrets Act has been adopted by Illinois at 765 ILCS § 1065/1 (1993)
 
 et seq.,
 
 effective January 1, 1988; and by California at Cal.Civil Code § 3426
 
 et seq.,
 
 effective January 1, 1985. Both the Illinois Act and the California Act are intended to safeguard intellectual property and business information by codifying, and eliminating inherent inconsistencies in, the existing common law relating to trade secrets.
 
 See PepsiCo, Inc. v. Redmond,
 
 1996 WL 3965, at *15 (N.D.Ill. Jan. 2,1996);
 
 MAI Systems Corp. v. Peak Computer, Inc.,
 
 991 F.2d 511, 520 (9th Cir.1993)
 
 applying California law.
 
 The pertinent statutory definitions and prohibitions are identical.
 
 Compare
 
 765 § ILCS 1065/2 with Cal.Civil Code § 3426.1). However, the California Act provides for a three-year statute of limitations while the Illinois Act provides for a five-year statute of limitations.
 
 Compare
 
 765 ILCS § 1065/7
 
 with
 
 CaLCivil Code § 3426.6. Under both Acts, to prove a claim for misappropriation of trade secrets, a plaintiff must establish that the information was a) a secret (i.e., not generally known in the industry); b) misappropriated
 
 (i.e.,
 
 stolen rather than independently developed or obtained from a third source); and 3) used in the appropriator’s business.
 
 Composite Marine Propellers v. Van Der Woude,
 
 962 F.2d 1263, 1265-66 (7th Cir.1992);
 
 MAI Systems Corp.,
 
 991 F.2d at 521.
 

 
 *596
 
 II.
 
 Discussion
 

 A. Choice of Law Standard
 

 The parties agree that Illinois choice of law rules apply to this case, but disagree as to the effect of those rules. Namely, Flavor-chem asserts that the Illinois Act, with its five-year statute of limitations, applies whereas Defendants argues that the California Act, with its three-year statute of limitations applies.
 

 In a diversity suit such as this, a federal district court applies the choice-of-law rules of the state in which the court sits.
 
 Klaxon v. Stentor Electric Mfg.,
 
 313 U.S. 487, 494, 61 S.Ct. 1020, 1021, 85 L.Ed. 1477 (1941). Thus, Illinois choice of law principles apply to this case. The Illinois Supreme Court has held that in tort actions “the local law of the State where the injury occurred should determine the rights and liabilities of the parties, unless Illinois has a more significant relationship with the occurrence and with the parties, in which case, the law of Illinois should apply.”
 
 Ingersoll v. Klein,
 
 46 Ill.2d 42, 45, 262 N.E.2d 593, 595 (1970). A clear reading of
 
 Ingersoll
 
 demonstrates that the Illinois Supreme Court rejected the “wooden application” of the “arbitrary”
 
 Lex loci delicti
 
 doctrine, also known as the “place of the injury rule,” in favor of the “most significant contacts” test, embodied in the Restatement (Second) of Conflicts of Law, regarding tort claims such as this.
 
 Ingersoll,
 
 46 Ill.2d at 47-49, 262 N.E.2d at 595-597 (adopting the American Law Institute’s Tentative Draft No. 9 of § 379, Restatement of the Law (Second) Conflicts of Laws, later adopted as § 145).
 
 [1]
 
 The Courts of the Northern District of Illinois and the Seventh Circuit have recognized that Illinois conflicts of law rules require the use of the ‘most significant contacts’ approach in tort claims.
 
 Palmer v. Beverly Enterprises,
 
 823 F.2d 1105, 1112 (7th Cir.1987);
 
 Abbott Laboratories v. NutraMax Products, Inc.,
 
 844 F.Supp. 443, 446 (N.D.Ill.1994).
 

 Under this approach, not all contacts are relevant; rather, only those contacts which implicate the underlying policies and purposes of the conflicting laws are considered. Generally, these contacts include the following:
 

 1. the place where the injury occurred;
 

 2. the place where the conduct causing the injury occurred;
 

 3. the domicile, residence, nationality, place of incorporation and place of business of the parties; and
 

 4. the place where the relationship, if any, between the parties is centered.
 

 Restatement (Second) of Conflicts of Law § 145(2). The aforementioned contacts must be evaluated in light of the underlying policy factors of the specific tort, which include among them the relevant policies of the forum and the relevant policies of any other state which may have a dominant interest in the determination of a particular issue being considered.
 
 Leschkies v. Playboy Club of Lake Geneva,
 
 465 F.Supp. 80, 82 (N.D.Ill. 1979). In deciding which state’s law to apply in a multi-state tort suit, the court must consider “the purpose of the tort rule involved when determining the relative importance of the various contacts to the issue under consideration.”
 
 In re Air Crash Disaster on May 25, 1979,
 
 500 F.Supp. 1044, 1048 (N.D.Ill.1980).
 

 B. Analysis
 

 After considering the purposes and policies underlying Illinois and California law governing the misappropriation of trade secrets, the Court finds that Illinois is the state with the most significant contacts with this case. For the following reasons, the Court recommends that Illinois law govern the substance and proceedings of this case.
 

 1.
 
 Place of Injury
 

 The parties agree that the place of injury is Illinois.
 
 [2]
 
 The Court also agrees, finding
 
 *597
 
 that the circumstances of this case demonstrate that Flavorehem is an Illinois corporation, with its only place of business in Illinois, and that any alleged injury resulting from the alleged misappropriation must have occurred in Illinois.
 

 2.
 
 Place of Injurious Conduct
 

 The second factor to be considered is the location of the injury-causing conduct. In other words, where did the tort take place? The comments to Section 145 of the Restatement (Second) recognize that the relative importance of the contacts varies with the type of tort involved, and suggests that, while place of injury may be particularly important in personal injury suits, “the principal location of the defendant’s conduct is the contact that will usually be given the greatest weight in determining the state whose local law determines the rights and liabilities that arise from ... the misappropriation of trade values.” Comment f, Section 145 of Restatement (Second) Conflict of Laws, pp. 423-424. Generally, courts have held that the location of a defendant’s business is the place where the alleged wrong was committed because that is where the information was used and the benefit obtained by the defendant.
 
 Mergenthaler Linotype Co. v. Leonard Starch Enterprises, Inc.,
 
 66 Ill.App.3d 789, 802, 23 Ill.Dec. 352, 362, 383 N.E.2d 1379, 1389 (Ill.App.1978).
 

 However, Flavorehem maintains that Defendants’ most egregious conduct occurred in Illinois where Imburgia allegedly obtained the formulas in question during his employment. Flavorehem argues that its suit for misappropriation of trade secrets arose at the time Imburgia copied the formulas and walked out the door as an employee of Flavorchem. (Transcript, p. 23, Ins. 19-25). On the other hand, Defendants contend that the tort of misrepresentation requires a use, and since Imburgia did not use the formulas until he got to California, the tort was completed in California. Defendants’ assert that the holding in
 
 C & F Packing v. IBP, Inc.,
 
 No. 93 C 1601, 1994 WL 30540, 1994 U.S. Dist. LEXIS 973 (N.D.Ill. Jan. 26,1994) is instructive.
 
 [3]
 

 Location of the tort in this ease is a tricky issue because the necessary elements: a misappropriation and subsequent use, occurred in separate states. There can be no cause of action if the secret was properly obtained and used, or if the secret was improperly obtained and never used. Since this case involves an alleged improper taking of a trade secret in one state and subsequent use of that secret in another state, there is no one location of Defendants’ alleged wrongdoing.
 

 The Court finds that the circumstances of this case differ significantly from those in C
 
 & F Packing
 
 and require a • finding that Illinois is the location of the tortious conduct. First, the relationship of the parties at the time the trade secrets were obtained favors Illinois. In
 
 C & F Packing,
 
 plaintiff voluntarily conveyed its the secret sausage making process to defendants pursuant to terms of an arms-length business agreement. Here, Flavorehem and Imburgia allegedly had an employer-employee relationship whereby Imburgia had access to certain formulas for the sole purpose of performing his job at Flavor-chem and he had a duty to maintain the confidentiality of those formulas.
 

 
 *598
 
 Second, the nature of disclosing/obtaining the trade secret favors Illinois. Whereas, in
 
 C & F Packing,
 
 plaintiff provided the secret to defendants knowing it would be used, Flavorchem alleges that Imburgia knew that he was not to use the formulas outside his employment. Thus, in
 
 C & F Packing
 
 and the other cases relied upon by Defendants, the state where the secret was obtained had little significance because the secret had been properly obtained and the place of use became critical because the misappropriation occurred when the defendants later improperly retained and then used the secret. By contrast, this case involves an alleged improper acquisition of the trade secret from the start.
 

 Imburgia allegedly perpetrated the most critical element of the tort in Illinois when he allegedly improperly copied the formulas. Since Illinois is the location of the long employment relationship between Flavorchem and Imburgia, and Illinois is also the location of the injury, the Court finds that Illinois should be considered the location of the tortious conduct.
 

 3.
 
 Domicile of Parties
 

 This factor is split: Flavorchem is an Illinois corporation with principal place of business in Illinois, while Defendants are a California citizen (Imburgia) and a California corporation (Mission Flavors) and California is their principal place of business. Therefore, there is no common state of domicile.
 

 4.
 
 Center of Parties’ Relationship
 

 This factor leans toward Illinois. Defendants contend that there has been no relationship between the parties since Imburgia left the employ of Flavorchem in 1987. However, as discussed above, the Court has found that Imburgia allegedly committed a critical element of the tort while an employee of Flavorchem in Illinois. Unlike the facts in
 
 C & F Packing,
 
 where there was one meeting of the parties in Illinois where the secrets were disseminated, Flavorchem’s secrets were allegedly obtained over a period of time while Imburgia was an employee in Illinois. While the appears to be no present relationship between the parties, it is significant that the secrets were obtained during a long-term employment relationship that occurred Illinois.
 

 Both Illinois and California have an interest in the resolution of this matter and the basic policies behind the trade secret statutes are the same. However, for the aforementioned reasons, the Court finds that the State of Illinois has the most significant contacts to the parties and issues in this case. Any interest California has in remedying and preventing trade secret misappropriation will be preserved by resolving this suit under Illinois law. Therefore, the Court recommends that the Illinois Trade Secrets Act, including the five-year statute of limitations, be applied to this case.
 

 C. Statute of Limitations as Procedural Law
 

 Even if the law of the State of California is applied to this case, the statute of limitations provided under the Illinois Act should be applied to this case. Illinois courts consider statutes of limitation to be “procedural, affecting only the remedy available and not the substantive rights of the parties, and are governed by the law of the forum.”
 
 Cox v. Kaufman,
 
 212 Ill.App.3d 1056, 156 Ill.Dec. 1031, 1035, 571 N.E.2d 1011, 1015,
 
 app. denied,
 
 141 Ill.2d 537, 162 Ill.Dec. 484, 580 N.E.2d 110 (1991). Therefore, generally, Illinois courts apply Illinois statutes of limitation to common law causes of action arising in other states, even when those suits are governed by foreign law.
 
 Anabaldi v. Sunbeam Corp.,
 
 651 F.Supp. 1343, 1345 (N.D.Ill. 1987);
 
 See also Muldoon v. Tropitone Furniture Co.,
 
 1 F.3d 964, 966 (9th Cir.1993) (Holding that a California district court should have applied the Illinois statute of limitation for a personal injury suit because, as the transferee court, it was bound to same choice of law rules as the transferor court— the Illinois district court).
 

 Defendants contend that this case falls under the exception to the general rule for “statutes which create a substantive right unknown to the common law and in which time is made an inherent element of the right so created, are not statutes of limitation.”
 
 Fredman Brothers Furniture Co. v. Dept. of Revenue,
 
 109 Ill.2d 202, 209, 93 Ill.Dec. 360,
 
 *599
 
 362, 486 N.E.2d 893, 895 (1985). In other words, a time limit included in a statute as a condition precedent to plaintiffs’ right to seek a remedy is considered a condition of liability and not merely a limit on the remedy and is not considered procedural.
 
 Fredman,
 
 109 Ill.2d at 209, 93 Ill.Dec. at 362, 486 N.E.2d at 895. In such situations, the time limit set forth in the statute will be applied rather than the statute of limitation.
 

 Defendants contend that the California Uniform Trade Secrets Act “significantly modifies the common law” and that the three-year time limit provided in the California Act must be applied to this case. The Court disagrees. The standard is not whether the statute creates a cause of action ‘somewhat known at common law;’ rather, it is whether the statute creates a cause of action “unknown at common law.” Just as in
 
 Cox,
 
 where the court held that the Indiana Medical Malpractice Act did not create plaintiffs cause of action; so, too, in this case, it cannot be said that the California Act created Flavorchem’s cause of action.
 
 Cox,
 
 212 Ill. App.3d at 1061, 156 Ill.Dec. at 1035, 571 N.E.2d at 1015. Clearly, there existed a cause of action for trade secret misappropriation at common law.
 
 See MAI Systems Corp.,
 
 991 F.2d at 520 (“California has adopted the Uniform Trade Secrets Act which codifies the basic principles of common law trade secret protection.”);
 
 Vacco Industries, Inc. v. Van Den Berg,
 
 5 Cal.App.4th 34, 6 Cal.Rptr.2d 602, 611 (1992) (“By adoption of the Uniform Trade Secrets Act, California has effectively adopted the common law definition.”). Further, the California Act provides expressly for a three-year statute of limitations; therefore, the time limit is not a condition precedent to liability but a limit on the remedy.
 

 For these reasons, should the California Uniform Trade Secrets Act be found to apply to the substance of this case, the statute of limitations set forth in the Illinois Trade Secrets Act should be applied pursuant to Illinois choice of law rules.
 

 III.
 
 Conclusion
 

 For the aforementioned reasons the Court finds that applying the most significant contacts test to these circumstances, the State of Illinois has the most significant contacts to the parties and issues involved in this suit. Therefore, the Court recommends that the Illinois Trade Secrets Act be applied to this case. In the alternative, should the California Uniform Trade Secrets Act be found more applicable, the Court recommends application of the five-year statute of limitation provided in the Illinois Trade Secrets Act.
 

 [1]
 

 . The Illinois Supreme Court specifically held:
 

 Realization of unjust and anomalous results which may ensue from an application of Lex loci delicti leads us to believe that a 'most significant contacts' rule best serves the interests of the State and the parties involved in a multi-State tort action.
 

 Ingersoll,
 
 46 Ill.2d at 48, 262 N.E.2d at 596.
 

 [2]
 

 . Defendants forwarded the argument in its briefs that Flavorchem's injury would have been
 
 *597
 
 in California because that is the market into which Flavorehem wanted to expand. However, at oral argument, Defendants’ counsel unequivocally conceded that the injury was located in Illinois. Specifically:
 

 THE COURT: ... isn’t it true that the damages are inflicted upon this Illinois corporation in its Illinois location, since it doesn’t have any other location, its bank account here in Illinois — It is Illinois as far as the damage, isn’t it?
 

 MR. KINNE [Defendants’ Attorney]: As far as the damage to the plaintiff, yes, it's in Illinois.
 

 (Transcript 12/26/95 Hearing, p. 8, Ins. 14-20). Further:
 

 THE COURT: The damage is Illinois.
 

 MR. KINNE: Right.
 

 (Transcript, p. 9, Ins. 1-2).
 

 [3]
 

 . In
 
 C & F Packing,
 
 an Illinois meat processing corporation sued a Kansas meat processing corporation for misappropriation of a trade secret. The District Court, in an unpublished opinion, applied the “most significant contacts” test set out in Restatement § 145 and held that the State of Kansas had the most significant contacts and that Kansas law should apply to all statutory and common law misappropriation claims.
 
 C & F Packing,
 
 1994 WL 30540 *3-6, 1994 U.S.Dist. LEXIS 973 *8-13.