103 F.3d 139
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
The NIPPON FIRE & MARINE INSURANCE COMPANY, LIMITED; Taisho
Marine and Fire Insurance Company, Limited; Tokio
Marine & Fire Insurance Company, Ltd.,
Plaintiffs-Appellants,
v.
GREAT AMERICAN INSURANCE COMPANY; American Alliance
Insurance Company, Defendants-Appellees.
 No. 95-56048.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 7, 1996.
Decided Dec. 6, 1996.
 
 1
 Before: FERNANDEZ and HAWKINS, Circuit Judges, and SCHWARZER, District Judge.*
 
 
 2
 MEMORANDUM**
 
 
 3
 Nippon Fire and Marine Insurance Co., Taisho Marine and Fire Insurance Co., and Tokio Marine and Fire Insurance Co. (collectively "Nippon Fire") appeal the district court's grant of summary judgment in favor of Great American Insurance Co. and American Alliance Insurance Co. (collectively "American Alliance") in Nippon Fire's action for equitable contribution on a $1,174,202.86 insurance claim paid by it to Toshiba American Electronic Components, Inc. Nippon Fire's policy covered all losses at the specifically designated warehouse where thefts by dishonest employees occurred. American Alliance's policy covered employee dishonesty losses but without specific reference to the particular facility. The district court decided that both policies provided primary coverage for the Toshiba losses. In determining American Alliance's liability for contribution to Nippon Fire, the court applied California law, under which two primary insurers must pay a claim in proportion to the relative maximum coverage limits of their policies. On the basis of that rule, the district court entered judgment in favor of Nippon Fire for $14,239.23. We affirm.
 
 
 4
 In general, a federal court sitting in a diversity case must apply the choice of law rules of the state in which it sits. Klaxon Co. v. Stentor Elec. Mfg. Co., Inc., 313 U.S. 487, 496-98, 61 S.Ct. 1020, 1021-22, 85 L.Ed. 1477 (1941); Rennick v. O.P.T.I.O.N. Care, Inc., 77 F.3d 309, 313 (9th Cir.), cert. denied, --- U.S. ----, 117 S.Ct. 174, 136 L.Ed.2d 115 (1996). However, in cases where the defendant has sought transfer pursuant to 28 U.S.C. § 1404(a), the transferee court must apply the same choice of law rules as the transferror court would have. Van Dusen v. Barrack, 376 U.S. 612, 638-39, 84 S.Ct. 805, 820, 11 L.Ed.2d 945 (1964); Muldoon v. Tropitone Furniture Co., 1 F.3d 964, 965 (9th Cir.1993). Because this case was transferred to the Central District of California from the Western District of Washington on American Alliance's motion, we apply Washington's choice-of-law rules.
 
 
 5
 Washington has adopted the most-significant relationship test for resolving conflict of laws questions. See Johnson v. Spider Staging Corp., 87 Wash.2d 577, 580, 555 P.2d 997, 1000-01 (1976); Potlatch No. 1 Fed. Credit Union v. Kennedy, 76 Wash.2d 806, 809-11, 459 P.2d 32, 34-36 (1969). In choosing the applicable law, a court should consider the following factors, in light of their relative importance to the particular issue: (1) the place of contracting, (2) the place of negotiation of the contract, (3) the place of performance, (4) the location of the subject matter of the contract, (5) the domicile, residence, nationality, place of incorporation, and place of business of the parties. Potlatch, 76 Wash.2d at 809; 459 P.2d at 35. Washington's only connection to the parties and their transactions in this case is the presence of American Alliance's adjuster there. California has substantially greater contacts with the case: California is where the subject loss occurred; the insured party is located in California; American Alliance's policy was sold through a California agent; American Alliance regularly sells policies in California and has an office there; and, Toshiba's claim was filed in California. Also, Nippon's claim processing firm is in California. Finally, there is no reason to think that any fundamental policies of Washington's law would impel it toward applying its law to this dispute between two large commercial entities, one of which has no presence in Washington and the other of which merely maintains a claims adjuster's office there. Cf. Rutter v. BX of Tri-Cities, Inc., 60 Wash.App. 743, 746-47, 806 P.2d 1266, 1268 (1991). We therefore decide that the substantive law of California must determine the outcome of this action.
 
 
 6
 Under California law, "Where, as here, two insurance policies apply to the same risk, the relative application thereof is generally determined by the explicit provisions of the respective 'other insurance' clauses." Continental Casualty Co. v. Pacific Indem. Co., 134 Cal.App.3d 389, 394, 184 Cal.Rptr. 583, 585 (1982); cf. Gillies v. Michigan Millers Mut. Fire Ins. Co., 98 Cal.App.2d 743, 747-52, 221 P.2d 272, 275-78 (1950) (specific versus floater policies). An "other insurance" clause will, in some manner, limit the insurer's liability in situations where another policy applies to the same risk. "When two or more applicable policies contain such [other insurance] clauses [of the same kind], both liability and the costs of defense should ordinarily be prorated according to the amount of coverage afforded." Argonaut Ins. Co. v. Transport Indem. Co., 6 Cal.3d 496, 507, 99 Cal.Rptr. 617, 623, 492 P.2d 673, 679 (1972).
 
 
 7
 The policies issued by Nippon Fire and American Alliance both do cover the theft losses suffered by Toshiba--the former covers all theft losses and the latter covers all employee dishonesty losses. Therefore, the insurers' liability must be determined by reference to the "other insurance" clauses in each policy. Both Nippon Fire's and American Alliance's policies contain "escape" clauses, which state that the policy will be deemed excess if another insurer also covers the subject loss. Because both American Alliance and Nippon Fire have other insurance clauses of the same kind in their policies, their respective liability must be determined by prorating the amount of coverage afforded. American Alliance covered Toshiba for a maximum of $2,000,000 in losses, and Nippon Fire covered Toshiba for a maximum of $120,000,000 in losses; American Alliance was therefore liable for 1/61 of Toshiba's loss.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir.R. 36-3