**BAHIA LAS MINAS CORP.,
et al. Plaintiffs**

v.

**GENERAL ELECTRIC COMPANY,
et al. Defendants**

**No. CIV. 01–2645(HL).**

United States District Court,
D. Puerto Rico.

May 29, 2003.

Wilfredo Segarra–Miranda, San Juan, PR, Jane A. Becker–Whitaker, Law Offices of Jane Becker Whitaker, PSC, San Juan, PR, Brook F. Minx, Donato, Minx & Brown, PC, Houston, TX, for Bahia Las Minas Corp. fka Empresa de Generacion Electrica Bahia Las Minas, S.A., plaintiff.

Amir Lastra–De–Leon, Bayamon, PR, Howard Daigle, Michael D. Fisse, Seale Daigle & Ross, Covington, LA, for General Electric Company, General Electric International, Inc., defendants.

### OPINION AND ORDER

LAFFITTE, Chief Judge.

Before the Court is defendants' motion to dismiss plaintiffs' complaint. Plaintiff Bahia Las Minas Corporation ("Bahia") hired defendant General Electric Company

---

**3.** Nothing in the record before the Court indicates any procedural or other barriers to appeal.

("GE") to convert a generator rotor and armature for a gas turbine. Bahia shipped the parts to GE's service department in Puerto Rico. However, plaintiffs allege that when the parts were returned, they were damaged. Accordingly, plaintiffs' filed suit in the Southern District of Texas, alleging that defendants had been negligent in their servicing of the parts. However, the Texas court determined that it did not have the "authority to exercise personal and general jurisdiction over the [case]" and in turn, pursuant to 28 U.S.C. § 1404(a), transferred this case to the District Court of Puerto Rico.[1]

In ruling on a 12(b)(6) motion to dismiss, a court must accept all well-pled factual averments as true and must draw all reasonable inferences in the plaintiffs' favor. *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993); *Carparts Distribution Ctr., Inc. v. Automotive Wholesaler's Ass'n*, 37 F.3d 12, 14 (1st Cir.1994). A court should not dismiss a complaint for failure to state a claim unless it is clear that the plaintiffs will be unable to prove any set of facts which would entitle them to recovery. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Miranda v. Ponce Federal Bank*, 948 F.2d 41, 44 (1st Cir.1991). This deferential standard is not a "toothless tiger." *Doyle v. Hasbro, Inc.*, 103 F.3d 186, 190 (1st Cir.1996). The court is not obliged to accept "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like." *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir.1996).

The essence of defendants' motion lies in determining which statute of limitations this Court must apply. Texas has a two year statute of limitations for tort claims.

Tex. Civ. Prac. & Rem.Code Ann. § 16.003. In contrast, Puerto Rico's statute of limitations runs for only one year "from the time the aggrieved person had knowledge thereof." 31 P.R. Laws Ann. § 5298. Plaintiffs were aware of defendants' alleged negligence on July 7, 1999 but didn't file suit in Texas until June 22, 2001.[2] Hence, if this Court were to apply Puerto Rico's statute of limitations, plaintiffs' claim would be time-barred.

It comes then as no surprise that plaintiffs' argue that Texas law must govern this case. In support of their contention, plaintiffs' cite to the Supreme Court's decision in *Ferens v. John Deere Co.*, 494 U.S. 516, 110 S.Ct. 1274, 108 L.Ed.2d 443 (1990). In *Ferens*, the Court held that a "transferee forum [must] apply the law of the transferor court, regardless of who initiates the transfer. A transfer under § 1404(a), in other words, does not change the law applicable to a diversity case." *Ferens*, 494 U.S. at 523, 110 S.Ct. at 1280.

Defendants, however, correctly point out that many courts have carved out an exception in cases where the transfer is motivated to cure a lack of personal jurisdiction and not just for the convenience of the parties. As the Ninth Circuit explained, "we distinguish between cases so transferred [for the convenience of the parties and in the interest of justice] and those transferred under §§ 1404(a) or 1406(a) to cure a lack of personal jurisdiction in the transferor district. . . . As to the latter, the law of the transferee district, including its choice of law rules is applicable." *Muldoon v. Tropitone Furniture Co.*, 1 F.3d 964, 966–67 (9th Cir.1993) (citing *Nelson v. International Paint Co.*, 716 F.2d 640, 643 (9th Cir.1983) and *Manley v. Engram*, 755 F.2d 1463, 1467 & n. 10 (11th Cir.1985)).

---

1. Dkt. 1, Tab 27.

2. Dkt. 1.

**156**

*See also Davis v. Louisiana State Univ.,* 876 F.2d 412, 414 (5th Cir.1989). The First Circuit has yet to rule on this issue. However, the Court is persuaded by both the number of circuits which have adopted this exception and the rationale underlying it. As the Tenth Circuit noted, "[w]e find that this rule sensibly discourages forum-shopping; it prevents a party from filing in a district that lacks jurisdiction to hear his or her case in order to receive the benefit of that forum's law." *Trierweiler v. Croxton and Trench Holding Corp.,* 90 F.3d 1523, 1532 (10th Cir.1996). *See also Roofing & Sheet Metal Services, Inc., v. La Quinta Motor Inns, Inc.,* 689 F.2d 982, 992 (11th Cir.1982) (quoting *Ellis v. Great Southwestern Corp.,* 646 F.2d 1099, 1108 (5th Cir.1981)) (exception is necessary in order to ensure that plaintiffs are not "encouraged to engage in impermissible forum shopping; a plaintiff could sue in a forum lacking personal jurisdiction, 'for the purpose of capturing the law of that jurisdiction for transportation to the jurisdiction in which service can be obtained' ").

In light of these cases, this Court also adopts the rule that in situations where a case is transferred to cure a jurisdictional defect, the Court must apply the law of the transferee district. The Southern District of Texas, transferred this case because it lacked personal jurisdiction over the parties. Accordingly the Court is obliged to apply Puerto Rico's one year statute of limitations for negligence actions. Since, plaintiffs filed this suit almost two years after discovering the damaged parts, the Court hereby holds that plaintiffs' claims are time-barred and grants defendants' motion to dismiss.

**IT IS SO ORDERED.**