Jane DOE, Plaintiff,

v.

**UNITED STATES DEPARTMENT OF JUSTICE, et al., Defendants.**

Civ. A. No. 83–1499.

United States District Court,
District of Columbia.

Oct. 31, 1983.

Joseph B. Scott, David H. Shapiro, Washington, D.C., for plaintiff.

Paul Blankenstein, Thomas Millet, Dept. of Justice, Washington, D.C., for defendants.

## MEMORANDUM

GESELL, District Judge.

Plaintiff was terminated from her position as a GS–15 attorney at the Department of Justice on May 26, 1981, because of conduct detrimental to the Department.[1] Claiming a "constitutional tort" and denial of due process, she sues the Department and six present or former officials of the Department in both their individual and official capacities, requesting reinstatement, backpay, and $2,500,000 in damages. Defendants have moved to dismiss and the issues have been thoroughly briefed and argued. For reasons set forth below, defendants' motion must be granted.

It is clear from paragraph 28 of the complaint that plaintiff's principal allegation against the individual defendants in their individual capacity is that they disseminated false information in legal circles relating to her termination which injured her reputation as a competent, capable and sober attorney. Dismissal is requested on the ground that this claim is barred by the one-year statute of limitations governing defamation.

Plaintiff urges that the complaint specifies a constitutional tort sounding in conspiracy and that the appropriate statute of limitations is the general three-year statute. In the absence of a federal statute governing such a claim the most analogous state limitations period applies. *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975). Even accepting plaintiff's characterization, however, damage to reputation is still central to the claim. *McClam v. Barry*, 697 F.2d 366 (D.C.Cir.1983). The skill of the pleader cannot change the substance of the case. Viewing the complaint as a whole

---

**1.** The Department informed plaintiff that she was being terminated for drinking beer during a deposition and, on a separate occasion, behaving in an intemperate manner in front of clients and witnesses. Additionally, she was charged with lying to her superiors concerning these two incidents.

and applying the rationale of *McClam* and *Church of Scientology of California v. Foley*, 640 F.2d 1335 (D.C.Cir.) (*en banc*), *cert. denied*, 452 U.S. 961, 101 S.Ct. 3110, 69 L.Ed.2d 972 (1981), the Court holds that the proper statute of limitations to apply is the District of Columbia one-year statute of limitations which governs defamation actions. D.C.Code § 12–301(4) (1981).

 The complaint recites that "*upon her removal* from her positon [sic] with the Department, the officials who are named defendants here allowed, permitted, aided and abetted in the spreading of the charges and the allegations *by other officials ...*" Complaint ¶ 28 [emphasis added]. Suit was filed on May 25, 1983, two years after plaintiff was terminated. Publication of the allegedly defamatory remarks "upon her removal" thus took place well over a year before suit was filed, and the claim is therefore barred by § 12–301(4).[2]

 Plaintiff also seeks recovery against the Department of Justice and its officers for an alleged violation of due process because she was denied a hearing prior to her termination. This claim must also fail as a matter of law. As the detailed allegations of the complaint clearly demonstrate, plaintiff was fully informed as to the charges against her, was presented with affidavits from witnesses detailing her misconduct, and was given an opportunity to respond. Her claim that she was entitled to more elaborate procedural protection prior to the decision to terminate her, including a trial-like hearing at which she could confront her accusers, is without merit. *Arnett v. Kennedy*, 416 U.S. 134, 94 S.Ct. 1633, 40 L.Ed.2d 15 (1974); *Goss v. Lopez*, 419 U.S. 565, 581, 95 S.Ct. 729, 739, 42 L.Ed.2d 725 (1975); *Foster v. Ripley*, 645 F.2d 1142,

1150–51 (D.C.Cir.1981). She was an employee in the so-called "excepted service" and as such had no property interest in continued employment and did not have the full panoply of procedural and substantive remedies which Congress has provided government employees in the competitive service. Congress did not choose to provide such remedies for persons in plaintiff's category in the Civil Service Reform Act and due process does not require that those remedies be available.

Plaintiff attempts to show a violation of the Department's regulations in her termination, citing regulations of the Office of Professional Responsibility (OPR) dealing with misconduct by employees and the Department's Employees' Assistance Program (EAP) designed to provide rehabilitative assistance for alcoholics. These regulations, however, are not applicable to her situation.

 OPR was created for the benefit of the Department, not individual employees. Its powers and duties are delineated in 28 C.F.R. § 0.39a, upon which plaintiff relies. That provision, however, grants an employee no right to appeal to OPR for protection and places no obligation on the employee's superiors to refer charges to OPR before dismissing the employee.[3] Plaintiff cannot complain, therefore, because her superiors chose not to refer the charges against her to OPR for investigation. Moreover, her discharge was approved by a higher official not immediately concerned, consistent with the OPR scheme had it been invoked.

 Similarly, the EAP guidelines cited by plaintiff are inapposite to her case. Plaintiff was discharged not for alcoholism but for conduct detrimental to the Department and for lying to her superiors. In-

---

**2.** At oral argument plaintiff's counsel was specifically asked by the Court when the plaintiff contends the most recent "publication" took place. Counsel could provide nothing more than vague allegations of publication at an unspecified time by a Justice Department attorney now deceased, and it is apparent to the Court that plaintiff cannot point to an instance of publication within the statutory period. Plaintiff argues, however, that the statute has not run

because the tort alleged is "ongoing" in nature. The Court rejects this view. Defamation occurs on publication, and the statute of limitations runs from that date. *See Fitzgerald v. Seamans*, 553 F.2d 220, 227 (D.C.Cir.1977).

**3.** 28 C.F.R. § 0.39a(b) does provide certain protections to "whistleblowers." No claim is made that plaintiff falls into this category.

deed, plaintiff denies having an alcohol problem and her work prior to discharge had been free of any alcohol problem. Moreover, the EAP, even if applicable to plaintiff's case, would not have affected the decision to terminate plaintiff. *See* DOJ Order 1792.1, ¶ 7c (May 15, 1978). Accordingly, plaintiff was not denied due process in the decision to terminate her.

■ Plaintiff vigorously argues that her termination carries a heavy stigma and that the Constitution affords her a right to a full hearing. A government employee's liberty interests are implicated where in terminating the employee the government "make[s] any charge against him that might seriously damage his standing and associations in the community" or "impose[s] on him a stigma or other disability that foreclose[s] his freedom to take advantage of other employment opportunities." *Board of Regents v. Roth*, 408 U.S. 564, 573, 92 S.Ct. 2701, 2707, 33 L.Ed.2d 548 (1972). However, the Court need not reach the issue of whether the allegations of the complaint, if taken as true, show that plaintiff's liberty interests have been implicated.

■ If the government has infringed plaintiff's liberty interests by directly or indirectly disclosing the reasons for her dismissal, "the remedy mandated by the Due Process Clause of the Fourteenth Amendment is 'an opportunity to refute the charge.' [*Roth,*] 408 U.S., at 573 [92 S.Ct., at 2707]." *Codd v. Velger*, 429 U.S. 624, 627, 97 S.Ct. 882, 884, 51 L.Ed.2d 92 (1977). Such a hearing to clear one's name does not encompass a right to reinstatement, back pay or damages, even if the charges are refuted. Plaintiff does not allege that she ever requested a hearing to clear her name and does not seek one by this complaint. Absent a denial of such a request, no violation of due process can be demonstrated, *Arnett*, 416 U.S. at 157, 94 S.Ct. at 1645 (Rehnquist, J.), and plaintiff's complaint must fail as a matter of law.

Numerous other issues are raised by defendants' motion which need not be considered, since the considerations recited above are dispositive. The complaint must be dismissed, and an appropriate Order is filed herewith.