**Vincent L. HOFFART, Sr.,**
**Plaintiff–Appellant,**

v.

**U.S. GOVERNMENT, SOLICITOR GENERAL WASHINGTON D.C.; Federal Communications Commission, 1919 M Street, Washington D.C.; William Kennard, FCC Chairman; Susan Ness, FCC Commissioner; Michael Powell, FCC Commissioner; Gloria Tristani, FCC Commissioner; Harold Furchtgoff–Roth, FCC Commissioner; H. Walker Feaster, III, FCC Inspector General; Nationwide Corp., President/CEO One Nationwide Plaza Columbus, Ohio 43215 aka Nationwide Financial Insurance Co.; Nationwide Financial Service, Inc.; Nationwide Life Insurance Company; Mercer Island School District, No. 400, 4160 86th Avenue SE, Mercer Island, WA 98040–4196 Phone 206/236–3300; Terry Pottmeyer, Mercer Island School District, No. 400 Board President; Brenda Paull, Mercer Island School District, No. 400 Board Member; Susan Kaplan, Mercer Island School District, No. 400 Board Member; Fred Jarrett, Mercer Island School District, No. 400 Board Member; Dirk Van Der Burch, Mercer Island School District, No. 400 Board Member, Defendants–Appellees.**

No. 00–35786.

D.C. No. CS–00–0130–JLQ.

United States Court of Appeals,
Ninth Circuit.

Submitted March 16, 2001.*

Decided Oct. 9, 2001.

As Amended on Denial of Rehearing
Nov. 6, 2001.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, Hoffart's qualified request for oral argument is denied.

Before CHOY, SKOPIL, and FARRIS, Circuit Judges.

## MEMORANDUM **

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

Vincent L. Hoffart, Sr. ("Hoffart") appeals pro se from the district court's dismissal of his complaint. Hoffart appears to allege that defendants Federal Communication Commission ("FCC"), the FCC Commissioners, the United States Solicitor General, and the Nationwide Corporation ("Nationwide") conspired to defame him and deny him of his First Amendment rights to speak freely and to petition the government for grievances. Hoffart also appeals the district court's denial of his motion to compel documents from the Ronald Reagan Library relating to an alleged meeting in 1983 between the former president and an unknown man allegedly tied to the FCC.[1] We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

## I.  Denial of Motion for Default Judgment

■ Hoffart first contends that the district court erred when it denied his motion to issue a default judgment against the United States Solicitor General and the FCC for failing to respond to his complaint. He argues that because he served the summons and complaint via certified mail, and the government defendants failed to appear, a default judgment should have been granted.[2]

We review a district court's decision to either grant or deny a default judgment for an abuse of discretion. *Eitel v. McCool,* 782 F.2d 1470, 1471 (9th Cir. 1986).

Hoffart's attempt at service was inadequate to place the FCC, its chairman and commissioners, and the Solicitor General on notice of his suit. *See* Fed.R.Civ.P. 4(i). Because Hoffart did not comply with the requirements of Rule 4, service was ineffective against the government defendants and the court did not abuse its discretion in denying his motion for a default judgment.

Hoffart next argues that the district court erred by failing to award him a default judgment against Nationwide be-

1. Although the Mercer Island School District ("MISD") and its board members are named as appellees in the instant case, Hoffart has not raised any arguments challenging the district court's dismissal of the claims against them. " 'We will not ordinarily consider matters on appeal that are not specifically and distinctly argued in appellant's opening brief.' " *United States v. Ullah,* 976 F.2d 509, 514 (9th Cir.1992) (quoting *Miller v. Fairchild Indus., Inc.,* 797 F.2d 727, 738 (9th Cir. 1986)). Therefore, we do not review the merits of the district court's dismissal of the claims against MISD.

2. Apparently related to this issue, Hoffart filed a "Delayed FOIA Appeal" with this court on May 21, 2001, in which he contends that his request for "all documents that may show the Solicitor General sent [his] lawsuit to Spokane for answering" was improperly denied. The denial of Hoffart's Freedom of Information Act request and its underlying theories were not presented to the district court, and therefore, we decline to review them. *See Alexopulos by Alexopulos v. Riles,* 784 F.2d 1408, 1411 (9th Cir.1986).

cause Nationwide did not file an answer within twenty days of service via certified mail. He claims that Nationwide filed an inadequate motion to dismiss forty-one days after service, and therefore did not properly appear.

Hoffart's argument is without merit. Under the Federal Rules of Civil Procedure, the defense of failure to state a claim may be made by motion, and, if so made, must only be made prior to filing an answer. Fed.R.Civ.P. 12(b); *Aetna Life Ins. Co. v. Alla Med. Serv., Inc.,* 855 F.2d 1470, 1474 (9th Cir.1988). In bringing its motion to dismiss, Nationwide complied with this rule and the district court did not err in refusing to grant a default judgment.

■ Further, as to the timeliness of Nationwide's motion to dismiss, because Hoffart never effectively served Nationwide with the complaint and summons, Nationwide's time to file a responsive pleading had not yet begun to run. If service by mail is to be effected as Hoffart intended, the mailing must be properly addressed and the plaintiff must include a request for waiver of service along with the summons and complaint. Fed.R.Civ.P. 4(d)(2). Hoffart did not comply with either requirement and he failed to effect service of process under Rule 4(h). Because service of the complaint was not in compliance with Rule 4, Nationwide cannot be said to be untimely in filing its responsive pleading.

II.  Statutes of Limitation

Hoffart challenges the district court's conclusion that the applicable statutes of limitation for his defamation and conspiracy claims began to run at the time that an allegedly defamatory FCC order was issued, thereby barring his challenge. He asserts, instead, that the statutes were tolled to the time that he had actual knowledge of the order.

We review de novo a dismissal based on a statute of limitation. *Williamson v. Gen. Dynamics Corp.,* 208 F.3d 1144, 1149 (9th Cir.2000).

The source of Hoffart's claims is FCC Memorandum Order & Opinion 98–7 ("Order 98–7"), which he views as defamatory. Thus, either the statute of limitation from Washington State, where Hoffart lives and the district court sits, or the District of Columbia, where the FCC is based and the relevant order issued, applies to the claims. *See A.I. Trade Fin., Inc. v. Petra Int'l Banking Corp.,* 62 F.3d 1454, 1457–64 (D.C.Cir.1995); *Muldoon v. Tropitone Furniture Co.,* 1 F.3d 964, 966 (9th Cir. 1993).

■ We do not need to consider which choice of law rule and statute of limitation to apply because Hoffart failed to file suit in a timely manner under the laws of both jurisdictions. In this case, the period of limitation began to run when the FCC issued Order 98–7 on February 6, 1998, allegedly defaming Hoffart and revealing the purported conspiracy between the FCC and Nationwide to violate his First Amendment rights. More than two years later, on April 21, 2000, Hoffart filed suit. Pursuant to Washington State law, the statutes of limitation for defamation and conspiracy claims are two years. Wash. Rev.Code §§ 4.16.100(1), 4.16.130 (1988). The law of the District of Columbia provides a one-year statute of limitation for defamation. D.C.Code § 12–301(4). A claim for conspiracy to defame is subject to the same limitation period. *Thomas v. News World Communications,* 681 F.Supp. 55, 72 (D.D.C.1988); *Doe v. U.S. Dep't of Justice,* 602 F.Supp. 871, 872–73 (D.D.C.1983). Thus, under the laws of either jurisdiction, the period of limitation had run by the time that Hoffart brought his claim.

■ Hoffart argues on appeal that the applicable statute of limitation should have been tolled until the time that the offending order came to his attention in January of 1999, not the date that it was issued. Under District of Columbia law, the statute of limitation would still bar the suit regardless. D.C.Code § 12–301(4). Washington State law indicates that its two year period of limitation begins to run when a party knew or should have known the elements of the claim. *Green v. A.P.C.*, 136 Wash.2d 87, 95, 960 P.2d 912 (1998). A challenger to an FCC order receives constructive notice of that order the date it issues, regardless of whether actual notice is given. *Cal. Ass'n of Physically Handicapped, Inc. v. FCC*, 833 F.2d 1333, 1334 (9th Cir.1987). Hoffart is, therefore, deemed to have known about Order 98–7 and the alleged defamation and conspiracy when the order was released on February 6, 1998. Thus, under Washington law, the suit is similarly barred.

## III. First Amendment Claims

■ Hoffart's complaint seems to claim that, in addition to being defamatory, FCC Order 98–7 violated his First Amendment rights because it warned him against making future frivolous filings before the FCC. Based on the language of Order 98–7, the district court determined that Hoffart's First Amendment claim was not ripe for adjudication, and dismissed this claim sua sponte for lack of subject matter jurisdiction.

We review de novo a district court's dismissal for lack of subject matter jurisdiction. *Crist v. Leippe*, 138 F.3d 801, 803 (9th Cir.1998).

The district court correctly noted that Order 98–7 only warns Hoffart against making continued abusive filings; it does not set any restrictions on his filings. Based on the allegations of the complaint, it does not appear that this issue was ripe for adjudication. *See Clinton v. Acequia, Inc.*, 94 F.3d 568, 572 (9th Cir.1996). However, at the time the district court rendered its decision, another FCC order, Order DA98–996, was also before the court. This order, which Hoffart submitted as an exhibit to his "Motion to Issue a Default Judgment Against Nationwide Corporation," limits Hoffart's speech rights by requiring him to submit any future pleadings to the FCC for preliminary screening.

■ Unlike a dismissal for failure to state a claim, subject matter jurisdiction may be based on more than the complaint. Compare *Enesco Corp. v. Price/Costco, Inc.*, 146 F.3d 1083, 1088 (9th Cir.1998) (addressing dismissal for failure to state a claim under Rule 12(b)(6)) with *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989) (addressing dismissal for lack of subject matter jurisdiction under Rule 12(b)(1)). Our consideration is not limited to the allegations of the complaint.

Based upon the constraints that the FCC placed on Hoffart in Order DA98–996, that the First Amendment issue was ripe for adjudication. *See Moy v. United States*, 906 F.2d 467, 470 (9th Cir.1990). *See also De Long v. Hennessey*, 912 F.2d 1144, 1146 n. 2 (9th Cir.1990). However, Hoffart has failed to state a claim against Nationwide upon which relief can be granted and, thus, his First Amendment claim was properly dismissed. *See Franklin v. Terr*, 201 F.3d 1098, 1100 n. 2 (9th Cir. 2000).

■ We construe Hoffart's allegation of a conspiracy to deprive him of his constitutional rights between a private party and the federal government as a *Bivens* action. *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29

L.Ed.2d 619 (1971). We have adopted a heightened pleading standard in cases in which subjective intent is an element of a constitutional tort action. *Branch v. Tunnell,* 937 F.2d 1382, 1386 (9th Cir.1991). Hoffart's complaint must include "nonconclusory allegations containing evidence of unlawful intent or face dismissal prior to the taking of any discovery." *See id.* at 1386. However, the complaint alleges no facts that would support an inference of an agreement among President Reagan, the FCC commissioners, and Nationwide, or a subjective intent by these parties to violate his constitutional rights. Thus, Hoffart's *Bivens* action against Nationwide was correctly dismissed.

IV. Subpoena to the Ronald Reagan Library

■ Hoffart argues that the district court's refusal to issue a subpoena for certain materials from the Ronald Reagan Library for in camera review was arbitrary and capricious, and thus an abuse of the court's discretion. The materials in question included any documents, transcripts or videotapes related to a meeting between President Reagan and FCC officials at the White House on September 28, 1983, between 3:05 and 3:39 p.m.

We review a district court's decision to deny a party's request for the issuance of a subpoena for an abuse of discretion. *Gilbrook v. City of Westminster,* 177 F.3d 839, 858 (9th Cir.1999). *See also McNeil v. Lowney,* 831 F.2d 1368, 1373 (7th Cir. 1987).

Hoffart urges that he has reason to believe that during a meeting on September 28, 1983, President Reagan "engaged in ex parte [communication] with Federal Communications personnel" regarding his then-pending challenge to a local radio station's license. According to Hoffart, the sought after documents will show that Danny

Kaye (an alleged predecessor in interest of Nationwide) influenced FCC Chairman Fowler to escort the ALJ who was presiding over Hoffart's pending case to the Oval Office so the president could coerce the ALJ into ruling against Hoffart. The district court addressed Hoffart's motion on its merits and determined that the materials he desired from the Ronald Reagan Library were not relevant to his defamation and conspiracy suit.

Under a plain reading, Federal Rule of Civil Procedure 45 does not contemplate a court's review of the propriety of a subpoena prior to issuance. Fed.R.Civ.P. 45(a)(3). However, we hold that the district court did not abuse its discretion in denying Hoffart the issuance of a subpoena. First, there is nothing in the record to suggest that Hoffart followed the usual procedure of requesting a blank and signed subpoena from the court clerk; prejudice cannot be presumed. Second, the motion filed with the court specifically asked the judge to take the extraordinary action of in camera review, removing him from the normal subpoena process considered in Rule 45. The district court's authority in this matter flowed from its broad oversight of discovery issues, and its exercise of authority over the subpoena request, in and of itself, did not constitute an abuse of discretion. *See Kyle Engineering Co. v. Kleppe,* 600 F.2d 226, 231 (9th Cir.1979).

■ Similarly, in its consideration of the merits of Hoffart's request, the district court did not abuse its discretion in concluding that the materials sought were not relevant to his defamation and conspiracy claims. Even if Hoffart's allegations are true and the FCC conspired against him in 1983, Hoffart has failed to demonstrate how the alleged conspiracy might be relevant to the renewal of Nationwide's broadcasting license in 1996, the linchpin of the

present action. There is nothing to indicate good cause, relevancy, or that the documents sought appear reasonably calculated to lead to the discovery of admissible evidence, as required by Federal Rule of Civil Procedure 26(b)(1).

## VI. Request for FBI Documents

On May 17, 2001, Hoffart requested leave from this court to file an addition to his brief because he believed that new information had surfaced relevant to his case. Specifically, he suggested that in light of the FBI's nondisclosure of documents in the Timothy McVeigh case, it was likely that the agency was concealing documents relevant to his claim regarding the Ronald Reagan Library. We decline to review any new factual information in this matter, and decline to address whether the FBI should be made to produce any documents that may be in its custody. *See In re Myrvang,* 232 F.3d 1116, 1119 (9th Cir. 2000). Similarly, as a general rule, we do not consider issues raised for the first time on appeal. *Woods v. Saturn Distrib. Corp.,* 78 F.3d 424, 430 (9th Cir.1996).

We AFFIRM the district court's dismissal of Hoffart's claims against Nationwide and his request for subpoena duces tecum for documents housed at the Reagan Library. We DENY Hoffart's request for documents from the FBI.